[No. 4192.]

## YOUNG v. HATCH ET. AL.

**1. Appellate Practice—Bill of Exceptions—Evidence.**

Where it does not appear from any recital in a bill of exceptions, nor from the certificate of the judge thereto attached, that it contains all of the evidence upon which the judgment was rendered, the appellate court is precluded from passing upon the alleged insufficiency of the evidence to sustain the judgment.

**2. Appellate Practice—Final Judgment—Parties.**

In an action by two plaintiffs to enjoin a judgment creditor from receiving, and the sheriff from issuing, a sheriff's deed to plaintiffs' property under an execution sale, where the decree recites that the issues are found in favor of one of the plaintiffs and against the other, and then proceeds to restrain the sale of any of the property of the plaintiff in whose favor the issues were found, but no further order was made as to the other plaintiff either dismissing his complaint or directing the sheriff to proceed to the sale of his property, there was no judgment against said plaintiff to which a writ of error would lie.

**3. Injunctions—Cloud on Title—Execution Sale—Sheriff's Deed.**

In an action against an execution creditor and the sheriff to restrain the issuing of a sheriff's deed to plaintiffs' property on the ground that the judgment under which sale was made was void, and that the deed would create a cloud on plaintiffs' title, where the sheriff filed a separate answer, which stands admitted, in which he stated that he had refused to issue a deed to the holder of the certificate of sale for the property of either of the plaintiffs and that he would continue to refuse to issue such deed unless ordered by the court to issue the same, no cause of action was established and no relief could be awarded to plaintiffs.

*Error to the District Court of Rio Grande County.*

Mr. ALBERT L. MOSES, for plaintiff in error.

Mr. W. A. REESE and Mr. N. C. MILLER, for defendants in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The object of the action, as stated by the plaintiffs in the prayer of the complaint, was to enjoin Ellen Hatch, one of the defendants, from demanding or receiving, and her co-defendant, the sheriff of Rio Grande county, from issuing to her, a sheriff's deed to certain real property of plaintiff's described in a sheriff's certificate of sale which had been given to her, and which she held—the time for

redemption having expired—upon the ground that
the judgment under which the execution was issued
and the sale made was void; and that such acts of de-
fendants, if consummated, would constitute a cloud
on their title.

The transcript and, necessarily, the abstract are
so unsatisfactory and apparently so incomplete that
it is difficult to ascertain from either or both the
merits of the controversy, or just what occurred at
the trial. It does not appear from any recital
therein, or certificate of the judge thereto attached,
that the bill of exceptions contains all of the evidence
upon which the judgment was rendered, and this pre-
vents us from passing upon the alleged insufficiency
of the evidence to sustain it. A strict enforcement of
our practice would preclude us from considering the
other principal errors assigned. While we might
summarily dismiss the writ of error, we have given
to plaintiff in error the benefit of everything that the
most liberal rules permit in behalf of the record
which he has filed here, for it discloses reasons other
than those of a technical nature for dismissing the
writ.

There may be some doubt as to whether the
jurisdiction of this court is invoked if we look alone
to the provisions of the decree assailed, but inasmuch
as the conclusion reached calls for a dismissal of the
writ of error, we may proceed upon the assumption
that the cause is properly here.

The principal point made by plaintiff in error
is that since the action in which the judgment was
rendered, and upon which the sheriff's sale was made,
and his certificate of sale issued, was brought against
the defendants therein named as members of a co-
partnership, and the claims upon which the action
was founded was a partnership debt, and only three
of the four members of the firm were served with

summons and the judgment was rendered against those served as individuals, and not in their partnership capacity, or against the firm itself; and since none of the defendants answered, the judgment was not merely erroneous, but, under the doctrine of *Russell v. Shurtleff*, 28 Colo., 414, void, and might be impeached even collaterally.

The complaint in this action alleges, among other things, that Ellen Hatch, the judgment creditor who holds the certificate of sale, will demand, and the sheriff of the county will issue, a sheriff's deed for the property of plaintiffs which will result in clouding their title, unless the court interferes to prevent it. Whether, if that be true, a cloud upon the title would be created before recording of the deed, as to which the complaint is silent, we need not now determine.

The decree of which complaint is now made, after reciting that the issues are found in favor of John C. Young, one of the plaintiffs, and against Robert Young, the other plaintiff, orders that Ellen Hatch be perpetually restrained and enjoined from requesting or demanding, and the sheriff and his successors in office be perpetually restrained and enjoined from issuing to Ellen Hatch or any other person, any sheriff's deed or other conveyance, conveying, or pretending to convey, any of the property of John C. Young, one of the plaintiffs. There is no order whatever either dismissing the action as to Robert Young, or ordering the sheriff to issue, or not to issue, a sheriff's deed conveying any of his property. It does not appear that any judgment was, as a matter of fact, rendered or entered against Robert Young, plaintiff in error here, upon the finding of issues against him.

Why no judgment was rendered against Robert, after the court found the facts against him, we

do not know. It may be significant in this connection, however, that during the progress of the trial the court observed that, ''There is a judgment'' (meaning the one alleged to be void), ''against Robert Young, which is not vacated and which the court cannot vacate in this case as now presented, and that the court cannot restrain the sheriff from making a deed to any property of Robert Young, which has been sold to satisfy this judgment against him;'' to which Robert's attorney replied, ''If our complaint is not sufficient we ask leave to amend it;'' and to this the court rejoined, ''So far as the court is advised at this time the judgment will simply be to restrain the conveyance of any of John C. Young's property.'' In response to an inquiry of counsel what would be the judgment as to Robert, the court said: ''I don't think I can set aside that judgment as to Robert Young upon anything that is now before the court.''

The most that can be said is that as the judge was then advised, either because of lack of proof, or because the complaint was not sufficient, he thought he could not set aside the judgment as to Robert. If that was his actual and final conclusion, this record does not show it, and there is no proof that any such judgment was rendered or entered and the transcript does not purport to contain any certificate or statement that any such was pronounced. It shows that John C. secured a decree in his favor, but, so far as we are advised, the trial court may still have under consideration the cause as to Robert. A finding by the court of the facts against Robert has no greater efficacy than a verdict of a jury. To neither would a writ of error lie, until after judgment was entered upon it, and that has not been done.

But if there was a judgment here against Robert, we could not disturb it. The cause of action set up in the complaint is a joint one against the

judgment creditor and the sheriff. It was their joint threatened acts which constituted the grievance complained of. The act of the creditor alone certainly could not injuriously affect the plaintiffs, and unless the sheriff issued the deed no harm could result to them. In his separate answer filed in this cause, the sheriff says, and his answer stands admitted, that before this action was started, he was present in the district court at the time that tribunal vacated the alleged void judgment as to John C. Young, one of the defendants in the original action, and one of the plaintiffs in this action, and because of that order, he refused, and still refuses, to issue any deed, either for Robert's or John C. Young's property to the holder of the certificate of sale which was issued by him under the alleged void judgment, and he alleges that, as such sheriff, believing it to be his duty to do so, he will continue to refuse to issue the deed unless ordered by the court to issue the same. The complaint would not state a cause of action in the absence of an averment that such action of the sheriff was threatened, and if the proof in its support was lacking, no cause of action would be established, and no relief could be awarded. If, therefore, it appeared to the trial court, as it certainly did from this record, that the sheriff did not intend to, and would not, issue or deliver the deed, the cause of action which was alleged was not proved, and that was an end to the case.

As the writ of error must be dismissed for these reasons, we need not investigate the question as to the validity of the alleged void judgment, or discuss the numerous questions raised by defendants in error and which have been elaborately argued by both counsel.

The writ of error should be dismissed and it is so ordered.    *Writ of error dismissed.*