No. 11,874.

Radovich *v.* Radovich.

Decided June 25, 1928.

Messrs. UNDERHILL & HOTCHKISS, for plaintiff in error.

Messrs. MOYNIHAN, HUGHES & KNOUS, Mr. JOHN M. WOY, for defendant in error.

*Department One.*

MR. CHIEF JUSTICE DENISON delivered the opinion of the court.

DEFENDANT in error was plaintiff below and had judgment against plaintiff in error upon his first cause of action for a divorce and upon his second cause of action for a division of certain property. She brings error.

The evidence is not brought up; we must, then, assume that it was sufficient to sustain the judgment. The briefs show that the evidence was of a common law marriage only, and that the parties lived together for about five years.

The defendant demurred to the amended complaint and also attacked the replication. She raised these questions in various ways to the end of the proceedings in the district court, and the only question before us is whether, taking the pleadings together, any right in plaintiff to a divorce or to the property in question is shown.

The first cause of action is sufficiently stated. Omitting the evidential matter, it states that plaintiff and defendant are husband and wife; that she has treated him with extreme cruelty by nagging him to convey the property in question to her till he did it; by falsely pretending great love and affection for him to obtain such conveyance, and, when she had obtained it, by excluding him from the house by violence, striking him on the head, refusing to live with him and threatening to shoot him. This states a cause of action for divorce.

The claim is made, however, that the answer and replication destroy the complaint so that on the pleadings defendant was entitled to judgment. We do not think this claim can be sustained. The argument is that, since the defendant by her answer denies that the parties were husband and wife, and alleges that she cohabited with plaintiff upon his promise to marry her legally, and since plaintiff in his reply alleges that he repeatedly requested her to marry him ceremonially, but she refused, it conclusively appears that there was no marriage contract in praesenti, and so the parties were not husband and wife and therefore there could be no divorce.

This reasoning is unsound. The allegation in the answer that the parties lived together on a promise of a future marriage is no more than an evidential fact in argumentative support of the negative of the issue—husband and wife or not—and is not traversable. Code 1921, §§ 62, 78, 188, 190; *Foley v. Gavin*, 76 Colo. 286, 230 Pac. 618; *Sylvis v. Sylvis*, 11 Colo. 319, 17 Pac. 912; *Payne v. Williams*, 62 Colo. 86, 160 Pac. 196; *Swanson Co. v. Pueblo Co.*, 70 Colo. 83, 197 Pac. 762, and many other Colorado cases. The allegation in the replication that

plaintiff had requested defendant to marry him by cere-
mony is also merely evidential, not a material fact under
the Code, and is not conclusive that they were not already
married at common law. There are obvious reasons why
a marriage ceremony is often desirable even to those who,
in contemplation of law, are already married. See *Em-
ployers' Ins. Co. v. Morgulski,* 69 Colo. 223, 193 Pac. 725.
Notwithstanding these statements in the answer and
replication, therefore, the issue was simply marriage
vel non.

The defendant relies on *Cordas v. Ryan,* 72 Colo. 521,
212 Pac. 490, and *Ryan v. Cordas,* 76 Colo. 191, 230 Pac.
680, which are one case. That case, however, is carefully
distinguished from the Morgulski case. Ryan was de-
feated because the evidence of a contract of marriage in
praesenti was lacking, while Morgulski won because there
was such evidence. It is true that a mere contract for a
future marriage can never amount to a common law
marriage even though followed by years of cohabitation
and that a plan for a future ceremony is sometimes in-
compatible with a present marriage, but an agreement in
praesenti to be now and henceforth husband and wife
may be valid even though there is then and there an
agreement for a future ceremony; see the Morgulski case,
supra. And an agreement, made after a valid marriage,
to have a ceremony, cannot vitiate the marriage. In the
present case there is before us no question upon the evi-
dence and it follows from what we have said that the
court committed no error as to the pleadings in the first
cause of action.

The second cause of action alleges that plaintiff and
defendant are husband and wife, that after marriage he
bought a hotel and together they operated it, that by pre-
tending great love and affection for him she persuaded
him to convey this property to her, that she did this for
the purpose of obtaining the property and then abandon-
ing him, that having obtained it she refused to live with
him and drove him from the house with blows and threats
as we have stated above.

This states a cause of action for the recovery of the property. *Meldrum v. Meldrum,* 15 Colo. 478, 24 Pac. 1083. The fact that the court found reason to give him but half of it is just here irrelevant.

The defendant makes the same argument here as in regard to the first cause of action, the answer and replication being substantially the same, and adds that since no marriage is shown, the relation appears in the pleadings to be illicit and equity will not interfere with the results thereof. This argument is, of course, refuted by what we have said in regard to the first cause of action. The ultimate fact—husband and wife—(*Foley v. Gavin,* 76 C. 286)—is alleged. The statement of evidential facts in the pleadings cannot affect that allegation. The issue thereon, we must assume, has been found for plaintiff. The parties, therefore, so far as concerns this case, were husband and wife, and the argument based on their illicit relation falls to the ground.

Judgment affirmed.

MR. JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE WALKER concur.