**CONTINENTAL GIN COMPANY,**
Plaintiff,

v.

**MURRAY COMPANY OF TEXAS, Inc.,**
Defendant.
Civ. A. No. 8061.

United States District Court
N. D. Alabama, S. D.
March 3, 1959.

19. Ibid, page 606.

increased approximately $20,000,000 per year by reason of the improved sample produced by the machine.

Jennings & Carter, White, Bradley, Arant, All & Rose, Birmingham, Ala., for plaintiff.

Roberts, Cushman & Grover, and Richard F. Walker, Boston, Mass., Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for defendant.

GROOMS, District Judge.

This cause coming on to be heard on the testimony and exhibits of plaintiff's and defendant's witnesses and on the argument and briefs of plaintiff's and defendant's counsel, and the Court, being fully advised, finds as follows:

### Findings of Fact

1. This is a suit for infringement of letters patent of the United States No. Re. 23,044. The Court has jurisdiction of the cause of action and of the parties.

2. Letters Patent No. Re. 23,044, the patent in suit, relates to a lint cotton cleaner and is the property of the plaintiff, Continental Gin Company.

3. The invention of the patent in suit was brought about by the need in the cotton ginning industry for an efficient means for cleaning the lint from mechanically harvested cotton as it came from the cotton gin and before it was baled.

4. Prior to the invention of the letters patent in suit there was no apparatus on the market available to ginners capable of cleaning lint cotton as it comes from the gin and before it is baled, and the pre-cleaning of seed cotton before being ginned had proceeded as far as was economical.

5. The apparatus disclosed and claimed in the letters patent in suit was first put on the market during the 1948 ginning season and since that date more than 4,000 machines covered by the patent have been sold for approximately $14,000,000. The value of the lint cotton passing through these machines is

6. The patent which resulted in the letters patent in suit was filed originally June 7, 1945, and was directed not only to the cotton cleaning apparatus but to its combination with the cotton gins, condensers and cotton press found in a gin house. Under the rules of the patent office, the applicant, Eugene H. Brooks, was required to divide the application and file a separate application directed specifically to the lint cotton cleaner.

7. The original application issued as patent No. 2,418,694, April 8, 1947, consisted of two claims directed to a battery of gins, a lint cotton cleaner with each gin, a condenser with each gin adapted to receive lint cotton therefrom and deliver it to its associated lint cleaner, a lint flue common to all gins and cleaners, and means (a vane located in the lint flue) to divert cotton from the gins to the lint flue or to the separate condensers and cleaners. The defendant here is a licensee under that patent, but is not licensed under the patent in suit.

8. The patent upon which this suit is based, issued originally as No. 2,440,139, April 20, 1948, with five claims. After it was issued, it was surrendered and an application was filed for a reissue which resulted in the patent in suit No. Re. 23,044, with six claims.

9. The drawings and description of the apparatus in the patent in suit are in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the device, and sets forth the best mode contemplated by the inventor of carrying out his invention. 35 U.S.C. § 112.

10. The complaint originally charged the defendant with infringement of claims 5 and 6. By amendment to the complaint, the defendant was charged additionally with infringing claims 3 and 4.

11. The defendant relies upon Petit Patent No. 1,401,439, Garner patents Nos. 1,527,859 and 1,574,344, all relating

to regins, and on the patent to Oxley, No. 1,569,541, as anticipating the patent in suit. It also relies upon a stipulated drawing showing a Garner regin as commercially used prior to plaintiff's patent. None of the apparatus shown in these patents or in the stipulated drawing was designed by its maker to accomplish the functions of the patent in suit nor was it adapted or actually used for the performance of such functions. The defendant also relies upon ten other prior patents as evidence to show that no invention was involved in making the lint cleaner shown in the patent in suit.

12. The United States Department of Agriculture, in 1930, under the authority of U.S.C.A., Title 7, § 424, established a laboratory at Stoneville, Mississippi, to investigate the ginning of cotton. Skilled engineers and technicians at that laboratory, in an effort to design a lint cotton cleaner, made tests and experiments during the years 1939 to 1941 and following the end of World War II, of available lint treating apparatus, including a Garner regin, such as is shown in the stipulated drawing of a Garner regin, and found such apparatus, as well as other available apparatus tested, wholly unsuited for cleaning lint cotton as it comes from a gin.

13. None of the apparatus disclosed in the prior patents and instances of prior public use relied upon by the defendant as anticipating the patent in suit, No. Re. 23,044, include or show the combination of elements defined in claims 3, 4, 5 and 6 thereof when construed in connection with the specifications to which they relate, and none of the apparatus disclosed in said prior patents and instances or prior public use were designed by their maker, nor were adapted, or actually used for the performance of the functions performed by the apparatus of the patent in suit.

14. The prior patents relied upon by the defendant to show lack of invention in the patent in suit show apparatus which differ in design and are entirely foreign in function to that described and claimed in the patent in suit, No. Re. 23,044, and the subject matter of said patent in suit, taken as a whole, would not have been obvious to a person having knowledge of said prior patents, and having ordinary skill in the art to which the patent in suit relates.

15. Defendant's engineers, prior to placing the apparatus here charged to infringe on the market, designed and placed on the market three different designs of lint cleaners.

16. During 1953 defendant purchased a lint cleaner from plaintiff which was constructed substantially according to the patent in suit and defendant's engineers had this apparatus in their possession when they designed the apparatus here charged to infringe.

17. Defendant's apparatus here charged to infringe the patent in suit with colorable variations only is clearly similar in design to plaintiff's commercial apparatus, which is built in substantial compliance with the patent in suit, and operates in substantially the same way to produce substantially the same result.

18. In plaintiff's commercial machine, and as described in the patent in suit, No. Re. 23,044, there are two feed rolls mounted over and closely adjacent to the saw cylinder which feed rolls received the bat of cotton from the condenser doffing rolls and feed it to the said cylinder. In defendant's machine the condenser is placed nearer to the said cylinder and a single cloth covered feed roll cooperates with the condenser doffing rolls to feed cotton to the saw cylinder.

19. The means employed by the defendant to feed lint cotton to the saw cylinder of its lint cleaner here charged with infringement functions in substantially the same way to accomplish substantially the same result as the feeding means disclosed and claimed in the patent in suit and is the mechanical equivalent of said means.

20. In plaintiff's apparatus, as first designed, separate means were provided for collecting heavy trash and lint thrown off from the saw cylinder, and it was so described and shown in the Pat-

ent No. Re. 23,044. It was soon found that an insignificant amount of lint was thrown off in the operation of the machine, and that said separate means for collecting lint served no useful function, thereupon the lint and trash collecting means were combined and the lint and trash were carried away by a single conveyer. Both plaintiff's and defendant's commercial machines now have only a single conveyer for carrying away lint and trash which functions in a manner which is the mechanical equivalent of that shown in the patent in suit.

21. All the essential features of plaintiff's commercial machine are clearly disclosed in the specification and drawings in plaintiff's patent here in suit, No. Re. 23,044.

### Conclusions of Law

 1. United States Letters Patent No. Re. 23,044, the patent in suit, is good and valid in law and is the property of the plaintiff, Continental Gin Company.

2. The defendant, The Murray Company of Texas, Inc., has infringed said letters patent, particularly claims 3, 4, 5 and 6 thereof.

3. Defendant's apparatus is a substantial copy of plaintiff's commercial lint cleaner covered by said letters patent.

4. If it be assumed that defendant's cloth covered feed roller be an improvement over the feed rollers disclosed in the patent in suit, still it does not avoid infringement because it operates in substantially the same way to obtain substantially the same result. Temco Electric Motor Co. v. Apco Mfg. Co., 275 U.S. 319, 328, 48 S.Ct. 170, 72 L.Ed. 298.

5. None of the devices and apparatus shown in the prior patents and instances of prior public use relied upon by the defendant as anticipating the patent in suit, No. Re. 23,044, and as showing lack of invention in the patent in suit would have, at the time the invention was made, suggested the improvements described and claimed in the patent in suit to a person having ordinary skill in the art to which the subject matter of the patent pertains. The patent accordingly discloses and claims a patentable invention.

6. Pending an accounting, and under the authority of E-I-M Co. Inc. v. Philadelphia Gear Works, Inc., 5 Cir., 223 F.2d 36, the Court withholds a determination as to whether the infringement has been willful and deliberate and whether a punitive award is justified under Title 35 U.S.C.A. § 284. The Court also withholds a determination of the allowance of reasonable attorneys' fees under Section 285. Jurisdiction as to both matters is specifically reserved.

7. Counsel for plaintiff will submit an appropriate form of judgment for the Court's consideration.