No. 18,882.

O. F. HARFERT, ET AL. *v*. R. GEORGE SILVOLA.

(356 P. [2d] 133)

Decided October 17, 1960. Rehearing denied November 7, 1960.

Mr. R. T. THOMAS, for plaintiff in error.

Mr. ELWOOD M. HAYNIE, Mr. R. GEORGE SILVOLA, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

DEFENDANT in error was plaintiff in the trial court and

will be referred to as Silvola. Plaintiffs in error were defendants and will be referred to as they there appeared.

Silvola's complaint was filed October 6, 1953, and consisted of a claim based on a promissory note for $732.00. Thereafter the complaint was amended to include a claim based on a promissory note dated February 20, 1952, for the sum of $2,000.00 and for an additional sum of $2,503.05 allegedly due for accounting services performed by Silvola.

Defendants answered by general denial of liability and alleged affirmative defenses including misrepresentation, mutual mistake, failure of performance, accord and satisfaction, and payment.

The trial of this action was concluded December 31, 1954. The trial judge took the case under advisement and final judgment was not entered in the cause until August 14, 1958; thus for three years, eight and one-half months the matter was held "under advisement."

From the somewhat voluminous record before us it appears that the reporter's transcript was not certified until November 25, 1958. We take judicial notice of the fact that the trial judge before whom the case was tried died shortly after the certification of the reporter's transcript. We further note from personal knowledge of members of this court, the very serious and long continued nature of the illness resulting in his death. We have read and considered the record before us and have given consideration to the "Findings of Fact Conclusions of Law and Judgment" entered by the trial court on August 14, 1958. We are satisfied that the ends of justice require the granting of a new trial. The Findings of Fact and Conclusions of Law entered following the long delay to which reference has been made, do not sufficiently or adequately indicate a comprehension on the part of the trial court with respect to the issues involved or the contentions of the parties.

It is apparent that the "Findings of Fact Conclu-

sions of Law and Judgment" could not have been based on a recollection of the testimony of witnesses or an appraisal of the credibility of witnesses after so long a delay. Such findings do not specifically deal with any of the contentions of the parties and are couched in such general language as to be of no value whatever in determining the basis upon which the judgment was entered.

We regret that, due to the extended illness and ultimate death of the trial judge, the parties have been subjected to this unfortunate and excessive delay in securing an adjudication of their rights. Under the record before us, however, they are entitled to a determination of their respective claims under circumstances in which the court making that determination will act within a reasonable time after the presentation of evidence and with definite recollection concerning the controlling questions to be decided.

The judgment is reversed and the cause remanded with directions to re-try all issues framed by the pleadings in this cause.

MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE concur.