**EDWARD VALVES, INC., and Rockwell Manufacturing Company, Appellants,**

v.

**CAMERON IRON WORKS, INC., Appellee.**

**No. 18111.**

United States Court of Appeals
Fifth Circuit.
April 18, 1961.

William A. Strauch, John D. Nies, Washington, D. C., Garrett R. Tucker, Jr., Frank B. Pugsley, Houston, Tex., for appellants.

James B. Simms, Houston, Tex., for appellee.

Before RIVES, CAMERON and WISDOM, Circuit Judges.

PER CURIAM.

The appellants petition for a rehearing on two grounds. They aver that this Court erred in according undue weight to the trial court's "Findings" and in affirming the district court's holding of "wilful infringement."

(1) Appellants contend that this Court accorded undue weight to the trial court's "Findings", since the record shows that: (a) the decision of the trial court is based upon a series of misunderstandings of the facts and the law; (b) the "Findings" are inconsistent with the trial judge's reasons for his decision; (c) the "Findings" were written by appellee's counsel and were adopted substantially verbatim by the trial court, including the same punctuation, numbering, grammatical errors, and peculiarities of expression used by appellee's counsel. Appellants argued the first two points fully in two briefs and in oral argument before this Court. We have considered and reconsidered these contentions, and we are still of the opinion that they lack merit.

We did not discuss the third point in our original opinion. Appellants assert that they do not criticize the "Findings" merely because opposing counsel wrote the findings. Instead, they contend that here the trial court exercised no independent consideration in adopting the appellee's suggested findings, and that these findings are inconsistent with the trial judge's reasons for his decision.

We strongly disapprove any attempt to down-grade a trial judge's important function of fact-finding. It is true that findings and conclusions which represent a trial judge's "independent judicial labors and study" are far more helpful to this Court than the mechanical adoption of the successful attorney's "suggested" findings. Kinnear-Weed Corp. v. Humble Oil & Ref. Co., 5 Cir., 1958, 259 F.2d 398, 401; United States v. Forness, 2 Cir., 1942, 125 F.2d 928, 942. Nevertheless, the same test is applied to findings, whether the court prepared them or adopted those submitted by counsel. The court's adoption of appellee's findings does not impeach or discredit them. We accord them full weight. Mississippi Valley Barge Line Co. v. Cooper Terminal Co., Inc., 7 Cir., 1955, 217 F.2d 321, 322–323; Vincent v. Suni-Citrus Products Co., 5 Cir., 1954, 215 F.2d 305, 310–311; Tubular Service & Engineering Co. v. Sun Oil Co., 5 Cir., 1955, 220 F.2d 27; O/Y Finlayson-Forssa A/B v. Pan Atlantic Steamship Corp., 5 Cir., 1958, 259 F.2d 11, 18, note 14. We have, however, compared the record and the findings in the light of the petition for rehearing. We cannot say that the findings fail to reflect the record or that there is so substantial an inconsistency between the findings and the district court's reasons for its decision as to require reversal of the judgment below.

(2) As to the second contention, on reconsideration, we think that we went too far in affirming the trial judge's

finding that the appellants "wilfully, boldly, and deliberately" infringed the Allen patent. "Wilful infringement" was not charged in the pleadings or at the trial, and it cannot be said that the appellants have had a fair chance to meet this issue. In Jeoffroy Mfg. v. Graham, 5 Cir., 1953, 206 F.2d 772, 779, this Court held: "[W]e think it inappropriate and premature for this Court now to consider or pass upon the District Court's finding that the infringement was willful and deliberate * *. Those questions should properly await final judgment." See also Continental Gin Company v. Murray Company of Texas, D.C.N.D.Ala.1958, 171 F.Supp. 730. Accordingly, we modify our original decision to the extent that we set aside the Trial Court's holding of a "wilful and deliberate" infringement. The finding, if any, as to wilful and deliberate infringement, should be delayed until after an accounting has been had and until final judgment.

Except as modified, the petition for rehearing is denied.