No. 20,607.

H. GORDON HOWARD *v.* MELVIN C. LESTER, ET AL.
(385 P. [2d] 121)

Decided September 16, 1963.

Mr. NOLAN L. BROWN, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to plaintiff in error as defendant or by name, and to defendants in error as the Lesters.

The complaint filed by the Lesters set forth two claims. In the first it was alleged that the defendant, as the agent

and employee of Pre-News, Inc., obtained $500.00 from them by making "certain false representations of present, existing facts" during negotiations between them relating to the purchase by the latter of a business known as the Wazee Lounge and Supper Club. Defendants had an exclusive broker's listing from the owners and was authorized to find a purchaser who was ready and able to buy the business on the terms dictated by the owners. He denied that any false representations were made; admitted that the Lesters paid to him the sum of $500.00, "* * * as earnest money deposit on the purchase of the Wazee Lounge"; denied that Lesters had suffered any damage; and alleged that the $500.00 "earnest money deposit has been forfeited."

The case was tried to the court. At the close of the evidence offered by the Lesters, counsel for defendant moved to dismiss the action for the reason that the evidence had failed to establish a prima facie case. This motion was denied.

The record that has been certified to this court for review includes a reporter's transcript of the evidence which was offered on behalf of the Lesters. It also contains the motion to dismiss, together with the court's ruling thereon. At this point in the transcript we find the following:

"AND THEREAFTER, the defendant Howard, to sustain the allegations in his behalf, offered and gave into evidence the testimony of H. Gordon Howard and one Florence Rapp;

"AND, THEREAFTER, the following proceedings were had:

(Here follows the findings and judgment of the court.)

The findings and judgment of the court included the following:

"In view of the fact this Court is definitely of the opinion that there was fraud perpetrated against these plaintiffs herein, judgment is entered in favor of these plaintiffs and against this defendant in the full amount of

the $500, as given by these plaintiffs to this defendant; and punitive damages in the amount of $1500, payable to these plaintiffs, and against this defendant. In other words, in all, a judgment in the amount of $2,000 is entered in favor of these plaintiffs and against this defendant."

Asserted grounds for reversal of the judgment are presented under three captions, the second and third of which attempt to bring into the case for the first time an issue involving an election of remedies. The arguments advanced in this connection have no support in the record, were not presented to the trial court, and we consider them no further. The only argument warranting comment is captioned as follows:

"There were no facts before the court below upon which it could base a finding of fraud and the court below erred in over-ruling plaintiff in error's motion to dismiss for failure to state a claim upon which relief could be granted."

The certificate of the court reporter which is attached to the transcript certifies that the "above and foregoing pages * * * constitute a full, true and complete transcript of the * * * evidence offered upon the trial thereof, ON BEHALF OF THE PLAINTIFFS ONLY, * * *," and to like effect is the certificate of the trial judge.

■■ The judgment entered by the trial court is presumed to have been entered after due consideration of all the evidence admitted upon the trial. It will be presumed that a judgment is supported by the evidence until the contrary is made to appear. In the instant case it affirmatively appears that the complete direct and cross-examination of two witnesses is omitted from the reporter's transcript; that all of the evidence which formed the basis of the trial court's judgment is not before us. We are accordingly precluded from passing upon the claimed insufficiency of the evidence to sustain the judgment. *Young v. Hatch,* 30 Colo. 422, 70 Pac. 693. Unless all the testimony heard in the trial court is presented in the re-

porter's transcript it cannot successfully be urged that the judgment is not supported by the evidence; it being presumed that the evidence before the court fully supports the findings and judgment. *Price v. Immel,* 48 Colo. 163, 109 Pac. 941; *Lindhorst v. Purkey,* 76 Colo. 483, 232 Pac. 1116; *Radovich v. Radovich,* 84 Colo. 250, 269 Pac. 22; *Fisher v. Pioneer Construction Co.,* 62 Colo. 538, 163 Pac. 851; *Meese v. Hudson,* 77 Colo. 165, 235 Pac. 565; *Meagher v. Neal,* 130 Colo. 7, 272 P. (2d) 992.

The judgment is affirmed.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE HALL not participating.