No. 21608.

Uptime Corporation, a Wyoming corporation v.
Colorado Research Corporation,
a Colorado corporation.
(420 P.2d 232)

Decided November 21, 1966.

James T. Moran, for plaintiff in error.

Holland & Hart, of counsel.

Williams, Stevens, Taussig & Trine, for defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

Colorado Research Corporation brought an action in the trial court against Uptime Corporation to recover moneys alleged to be due by reason of services performed. The parties will be referred to as they appeared in the trial court or by name.

No transcript of evidence taken at the trial has been furnished us, but it appears that an agreement was entered into between the parties whereby the plaintiff was to provide to defendant a high speed Punched Card-to-Magnetic Tape Conversion system by combining component parts furnished it by defendant with a Buffer Storage Control Unit built by it. The system was then to be installed for the General Telephone Company of California pursuant to a contract between the defendant and General Telephone.

The original estimate of the cost of plaintiff's work on the system was $111,680, and the alleged total cost of the work was $206,043.01. Defendant had paid $95,500 and plaintiff's suit was to recover the balance. Judg-

ment was entered denying all of defendant's counter-claims and affirmative defenses, and granting judgment for plaintiff in the amount of $110,241.62, plus interest and costs, or a total of $129,214.35.

Trial of this case was had to the judge sitting without a jury, and consumed approximately thirteen days spread over a five month period from February to June of 1962. Within thirty days after the close of the testimony, at the request of the court, counsel for the respective parties submitted proposed findings of fact and conclusions of law. The trial judge then took the case under advisement, and judgment was not entered until about one year and ten months later, on April 30, 1964. With the exception of one or two small changes in words and the rearranging of a paragraph, the findings of fact and conclusions of law as prepared by the plaintiff were adopted verbatim by the trial judge.

We repeat, the transcript of the evidence adduced at the trial has not been certified to this Court. The record on appeal consists mainly of the pleadings, exhibits, proposed findings of fact and conclusions of law submitted by the parties, and the findings of fact and conclusions of law as adopted by the trial judge. Defendant alleges as error the following two points:

1. That the delay of a year and ten months between the close of the trial and the rendition of judgment violated the constitution and statutes of Colorado and that therefore the judgment is void.

2. That the adoption by the trial court of the findings of fact and conclusions of law as prepared by the plaintiff was a violation of R.C.P. Colo. 52 and that the findings are insufficient to permit intelligent review on appeal, and consequently require reversal of the judgment.

I.

Defendant's first allegation of error is that the twenty-two month delay before judgment violates Article II, Section 6 of the Colorado Constitution and C.R.S. 1963, 37-4-23 and 24.

Article II, Section 6 of the Colorado Constitution reads as follows:

"Courts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character; and right and justice should be administered without sale, denial or delay."

C.R.S. 1963, 37-4-23, reads as follows:

"Every motion, issue or other matter, arising in any cause pending or to be brought in any district court of this state, and which shall be submitted to any such court for judgment or decision thereof, shall be determined by the court within ninety days after the adjournment of court; provided that this section shall not be so construed as to prohibit a decision after the expiration of the time limited, but only as working a forfeiture as provided in section 37-4-24."

C.R.S. 1963, 37-4-24, provides for the forfeiture of any state salary payments to district judges failing to comply with C.R.S. 1963, 37-4-23.

C.R.S. 1963, 37-4-23, expressly negates any inference that the statute is intended to affect the validity of judgments rendered after the expiration of the ninety day period. Neither the statute nor the constitution in any way divests the trial court of jurisdiction to render a decision or affects the validity of the judgment rendered solely because of the lengthy delay between trial and judgment. *Kerr v. Palmieri*, 325 Mass. 554, 91 N.E. 2d 754. Defendant contends that the case of *Harfert v. Silvola*, 144 Colo. 285, 356 P.2d 133, lays down the rule that a lengthy delay between trial and judgment voids the judgment rendered. We do not agree. The thrust of the decision in *Harfert* was directed to the utter inadequacy of the findings of fact and conclusions of law that were finally entered by that court in that case. That is not the situation here. The findings of fact and conclusions of law entered in the case at bar comprise some fifteen typewritten single-spaced pages. They deal with the testimony of many, if not most, of the wit-

nesses and many of the exhibits. They fully reveal the reasoning upon which the judgment was entered.

■■ We do not wish to imply approval of the delay between trial and judgment in this case. However, the bare fact of the delay is not sufficient to warrant reversal of the judgment. Since no transcript of the evidence has been presented to this Court, we must assume that the findings of fact and conclusions of law are fully supported by the evidence, *Howard v. Lester,* 153 Colo. 199, 385 P.2d 121; *Morgan v. Wright,* 156 Colo. 411, 399 P.2d 788, and that the delay in no way deprived defendant of a fair trial free from prejudicial error.

## II.

In his second assignment of error, defendant alleges that the verbatim adoption of plaintiff's proposed findings of fact and conclusions of law violated R.C.P. Colo. 52, and resulted in findings which are not sufficient to provide a basis for intelligent appellate review. We are cited to many cases condemning the practice of adopting findings prepared by the prevailing party and our own research has disclosed many more. E.G.: *Featherstone v. Barash,* 345 F.2d 246 (10th Cir. 1965); *Edward Valves, Inc. v. Cameron Iron Works, Inc.,* 289 F.2d 355 (5th Cir. 1961), *Cert. denied,* 368 U.S. 833, 82 S.Ct. 55, 7 L.Ed.2d 34; *United States v. Forness,* 125 F.2d 928 (2nd Cir. 1942), *Cert. denied,* 316 U.S. 694, 62 S.Ct. 1293, 86 L.Ed. 1764; *McDaniel v. Vaughn,* 42 N.M. 422, 80 P.2d 417; 5 Moore, *Federal Practice,* § 52.06 (2d Ed. 1964).

■■ However, even those courts which most strongly condemn the uncritical adoption of findings prepared by the prevailing party are unwilling to reverse *unless* the findings themselves are inadequate. If sufficient and supported by the evidence, the findings will be sustained. *United States v. El Paso Natural Gas Co.,* 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12; *Edward Valves, Inc. v. Cameron Iron Works, Inc., supra.* When the trial judge signs the findings, the responsibility for their correctness becomes his, *Kamuchey v. Trzesniewski,* 8 Wis.2d

94, 98 N.W.2d 403, and the findings, if otherwise sufficient, are not weakened or discredited because given in the form submitted by counsel. *Saco-Lowell Shops v. Reynolds,* 141 F.2d 587 (4th Cir. 1944). On appeal, the court will assume that the trial judge examined the proposed findings and agreed that they correctly stated the facts as he himself found them to be; otherwise, he would not have adopted them as his own. *Rogers v. Dumas,* 166 Kan. 519, 203 P.2d 165. It is only when the findings themselves are inadequate and do not indicate the basis for the trial court's decision that the judgment will be reversed. *Murray v. Rock,* 147 Colo. 561, 364 P.2d 393; *Merrill v. Bailey & Sons Co.,* 99 Utah 323, 106 P.2d 255.

 Defendant complains that the findings do not detail the trial court's reasons for refusing the defendant's counterclaim. In fact, those reasons are revealed by a reading of the part of the findings which grant plaintiff's complaint. The trial judge ·is not required to assert in detail the negative of every rejected proposition as well as the affirmative of those which he finds to be correct. *Schilling v. Schwitzer-Cummins Co.,* 142 F.2d 82 (D.C. Cir. 1944).

 Defendant also complains that the trial court granted plaintiff's complaint on a theory, *inter alia,* of account stated, when the evidence does not support such a theory. Absent a transcript of the trial, we cannot say whether the evidence supports such a finding, and therefore the finding is presumed to be correct. *Howard v. Lester, supra.*

 We do not wish to be understood as approving the practice of *uncritical* adoption of findings prepared by litigants. But if, *after careful study,* the trial judge concludes that the findings prepared by a party correctly state both the law and the facts, then there is no good reason why he may not adopt them as his own. Where the findings of the trial court are verbatim those submitted by the successful litigant, we will, of

course, scrutinize them more critically and give them less weight than if they were the work product of the judge himself, or, at least bear evidence that he has given them careful study and revision. But here we are not comparing the evidence with the findings, since the question of the sufficiency of the evidence to sustain the findings is not before us. We deal only with the adequacy of the findings.

▄▄▄ We are satisfied that the findings here would have permitted an intelligent review had the transcript of evidence been certified and the issue presented as to whether the evidence supported such findings. Under these circumstances we cannot hold that these findings were in and of themselves inadequate as a matter of law.

We are not unaware of counsel's further contention that the *combination* of the delay and the adoption of the submitted findings without material change requires reversal.

▄▄▄ As we have pointed out, neither of the procedures counsel complains of here constituted error of law in and of itself. Accordingly, we hold that under the circumstances of this case, the combination of the two does not rise to the dignity of reversible error.

We would point out that the combination of circumstances here would undoubtedly lead us to give very little weight to the trial court's findings when examining them to determine their propriety in the light of the evidence. But, as we have previously mentioned, absent the assignment of error that the findings are not supported by the evidence, we cannot hold that the combination of circumstances renders the judgment invalid as a matter of law.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE SCHAUER not participating.