759 P.2d 829 (1988)
Judith OLSON, Plaintiff-Appellant,
v.
STATE BOARD FOR COMMUNITY COLLEGES AND OCCUPATIONAL EDUCATION, the Pikes Peak Community College Senate, and the Administration of Pikes Peak Community College, Defendants-Appellees.
No. 85CA1708.
Colorado Court of Appeals, Div. I.
June 2, 1988.
Rehearing Denied July 21, 1988.
Larry F. Hobbs, P.C., William P. Bethke, Larry F. Hobbs, Denver, for plaintiff-appellant.
Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ellen McEldowney, Asst. Atty. Gen., Denver, for defendants-appellees.
TURSI, Judge.
Plaintiff, Judith Olson, appeals the judgment entered in favor of defendants, The Pikes Peak Community College Council (Council), The Pikes Peak Community College Senate (Student Senate), and The Administration of Pikes Peak Community College. Her major contention is that the trial court erred in determining the editorial content of the Pikes Peak News (News) was not a substantial or motivating factor in the decision to terminate its funding. We affirm.
Plaintiff was an instructor of journalism at Pikes Peak Community College and faculty advisor to the News. The News was a newspaper published by the students of the *830 college, funded by advertising revenues and student fees. Defendants were entities involved in the control and administration of student fees at the college.
The Student Senate developed certain procedures to prepare a budget for the 1979-1980 year and notified all organizations, including the News, that the new procedures were to be followed in order to be considered for student fee funding. The News submitted a budget request of $12,456 which did not comply with the "itemized internal budget breakdown" requested in the new procedures.
At a Budget Committee hearing in April 1979, the Committee informed the News' representatives that they had done their own investigation and determined the paper could be printed at less cost. The News' representatives asserted the whole grant was necessary. The Committee approved the entire $12,456 grant subject to approval by the Student Senate.
Final action on the budget was scheduled before the Student Senate in June 1979. Prior to the vote on the News' funds, the senators discussed several issues including the News' failure to cooperate in the budget process, the Budget Committee's investigation that the News could be printed cheaper, and student complaints that the News was not responsive to the needs of the students. A motion was made to cut the News' funds in half. Another senator stated the paper could not print with just 50 percent of its requested budget, so why not cut the budget to zero. That motion was made, voted on, and passed by a vote of five in favor, three opposed, and one abstention. The budget was reviewed and approved by the College Administrators and the Council. In July 1979, Student Senate offered a $5,000 appropriation to the News; however, it was rejected.
Plaintiff and several student editors filed this action pursuant to 42 U.S.C. § 1983 (1982) claiming the funding termination was in retaliation for the editorial content of the paper and, therefore, a violation of their First Amendment rights. The trial court granted summary judgment in favor of defendants determining that all plaintiffs lacked standing to bring the action.
Plaintiff Olson appealed and ultimately our supreme court determined that she had standing to litigate the rights of the non-party students who participated in producing the News. State Board for Community Colleges & Occupational Education v. Olson, 687 P.2d 429 (Colo.1984).
In trial to the court following remand, the trial court determined the motivation for the funding cut-off was that the News staff was uncooperative towards the members of the Student Senate, particularly with regard to fiscal matters, and that the decision was not motivated by conduct protected under the First Amendment. Alternatively, the trial court found that, even if there were constitutionally protected conduct, the reasons for termination were defendant's economic concerns and the plaintiff's failure to comply with student government's fiscal policies. Hence, the trial court entered judgment in favor of the defendants.

I
As a preliminary matter, plaintiff maintains this court must undertake greater than ordinary scrutiny of the trial court's factual findings in this case for several reasons.
First, plaintiff cites Jacobellis v. Ohio, 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964) and New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), and contends that because First Amendment rights of expression are at stake, we must make an independent constitutional judgment on the facts of the case to make certain that the principles have been constitutionally applied.
However, those cases are inapposite because they concerned determinations of whether the disputed speech was protected by the First Amendment. In such cases, the appellate court must examine for itself the statements in issue and the circumstances under which they were made to determine whether they are protected by the First Amendment. Rankin v. McPherson, ___ U.S. ___, 107 S.Ct. 2891, 97 L.Ed.2d 315 (1987). Further, the appellate court should make an independent examination *831 of the entire record to determine whether the trial court's factual finding is clearly erroneous. Bose Corp. v. Consumers Union of United States, Inc., 466 U.S. 485, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984). Therefore, if "constitutional facts" are at issue, de novo review is proper.
However, the issue we address is not whether the content of the News was protected by the First Amendment; but rather, assuming there was such protection, we must consider whether the defendants have met their burden of showing that the content was not a motivating or substantial factor in the decision not to fund the News. This causation issue is a question of fact appropriate for determination by the fact finder. Durango School District No. 9-R v. Thorpe, 200 Colo. 268, 614 P.2d 880 (1980).
Plaintiff also cites United States v. McConney, 728 F.2d 1195 (9th Cir.1984) and argues de novo review is proper since the factual findings bear directly on the First Amendment rights of the students who worked on the News, thus presenting a mixed question of law and fact. However, McConney also provides that determination of state of mind is an essentially factual inquiry; therefore, it is an exception to application of de novo review of mixed fact and law questions. Here, the issue was the motivation of the defendants which is a question of state of mind; therefore, we will not apply the de novo standard of review to the trial court's factual findings.

II
Plaintiff asserts the evidence presented at trial unmistakably demonstrates that the News' editorial content was a motivating factor in the vote to terminate funding. We disagree.
There is substantial, though conflicting, evidence in the record in support of the trial court's ruling that the defendants met their burden of establishing the editorial content of the News was not a substantial or motivating factor in the decision to terminate its funding. Hence, we affirm that holding. See Durango School District No. 9-R v. Thorpe, supra.

III
Additionally, plaintiff contends that since the trial court's findings were drafted by prevailing counsel, we must scrutinize them critically rather than with the deference usually accorded findings of fact.
On appeal, we assume the trial court examined the proposed findings drafted by counsel and agreed that they correctly stated the facts; otherwise, it would not have adopted them as its own. Uptime Corp. v. Colorado Research Corp., 161 Colo. 87, 420 P.2d 232 (1966). Although we scrutinize the trial court's findings critically under these circumstances, we do not review the record on a de novo basis to arrive at our own factual conclusions. Ficor, Inc. v. McHugh, 639 P.2d 385 (Colo.1982). Therefore, if the trial court's factual findings are supported by the record, as they are here, they will be sustained. Ficor, Inc. v. McHugh, supra.
Our determination of this issue makes it unnecessary for us to address the plaintiff's and defendants' remaining contentions.
Judgment affirmed.
PIERCE and PLANK, JJ., concur.