Patricia CRANDELL,
Plaintiff–Appellant,

v.

Michael RESLEY; Estate of Michael Resley, Josephine Resley; Josephine Agnes Resley; Edward Leland Resley, II; Edward L. Resley; Edward Resley; Edward Resley II; Barbara Ann Massengale; Maureen Lusk; and All Unknown Persons who Claim any Interest in the Subject Matter of this Action, Defendants–Appellees.

No. 89CA0640.

Colorado Court of Appeals,
Div. II.

Nov. 8, 1990.

Rehearing Denied Dec. 6, 1990.

Olsen & Brown, P.C., John R. Olsen, Boulder, for plaintiff-appellant.

Holley, Albertson & Polk, P.C., Scott D. Albertson, Karen Roan Novotny, Golden, for defendants-appellees.

Opinion by Judge HUME.

Plaintiff, Patricia Crandell, appeals the partial summary judgment denying her claim seeking to quiet title to certain real property based upon an alleged oral contract, and the judgment entered after trial denying her other claims in favor of defendants, Edward Resley, personal representative of the estate of Michael Resley (decedent), and Josephine Resley. We affirm in part, reverse in part, and remand with directions.

Decedent died intestate in November 1986. For three or four years prior to decedent's death, plaintiff and her son resided with him. Decedent was not formally married and had no natural or adopted children. However, plaintiff was married to a third party during the entire time she resided with decedent.

In April 1987, plaintiff, claiming to be decedent's common law wife, brought an action to quiet title to decedent's real property both as his surviving spouse and pursuant to an alleged oral contract. She also sought declaratory relief on the oral contract, claiming that it entitled her to a conveyance of decedent's personal property, injunctive relief prohibiting sale of decedent's realty by either the personal representative or by his mother as heir at law, and damages for conversion of personal property by the personal representative.

The trial court granted defendants' motion for partial summary judgment and denied plaintiff's quiet title claim, ruling that the alleged oral contract for real property was unenforceable as a matter of law pursuant to § 38–10–108, C.R.S. (1982 Repl. Vol. 16A). The trial court determined that, as a matter of law, the evidence was too vague to establish the existence of a contract to convey real property and that plaintiff's acts claimed as constituting her own performance of the alleged contract were not undertaken solely to perform the terms of that contract.

In addition, the court granted defendants' motion *in limine* to apply the Colorado Dead Man's Statute, § 13–90–102, C.R.S. (1987 Repl.Vol. 6A), so as to preclude plaintiff from testifying concerning her conversations with the decedent relating to her alleged contractual agreement with him for conveyance of personal property and her performance pursuant to that contract.

## I.

Plaintiff contends the trial court erred in granting defendants' motion for partial summary judgment. She argues that the affidavits she submitted constituted an offer of clear and unequivocal evidence of an oral contract for the conveyance of realty and of her part performance. We find no reversible error.

A contract for the sale of an interest in land is void unless it is placed in writing and subscribed by the party by whom the conveyance is to be made. Section 38–10–108, C.R.S. (1982 Repl.Vol. 16A). However, substantial part performance of the terms of an oral contract may render it enforceable if the acts of performance are specifically related to the conveyance of the realty. *See L.U. Cattle Co. v. Wilson*, 714 P.2d 1344 (Colo.App.1986).

The trial court rejected plaintiff's claim that part performance rendered the alleged contract enforceable, finding that the statements submitted as evidence of an oral contract were too vague to constitute a binding agreement to transfer or convey an interest in decedent's realty. In addition, the trial court found that plaintiff's acts claimed as part performance were not demonstrated to be for the sole purpose of performing her part of the alleged contract. Those findings are supported by the record and will not be disturbed here. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979). *See L.U. Cattle Co. v. Wilson*, *supra*.

## II.

Plaintiff also contends that the trial court erred in rejecting her contract claim

to decedent's personal property because it improperly applied the Dead Man's Statute, § 13–90–102, C.R.S. (1987 Repl.Vol. 6A), to preclude her testimony. We agree.

■ Oral contracts otherwise unenforceable under § 38–10–101, et seq., C.R.S (1982 Repl.Vol. 16A) may substitute for a writing if there is part performance of the oral contract. *Ralston Oil & Gas Co. v. July Corp.*, 719 P.2d 334 (Colo.App.1985). Seeking to apply that rule here, plaintiff claims that her part performance of an oral contract with decedent to share his possessions and property in exchange for her resigning her job and moving to accommodate his new place of employment removes this contract from the bar of the statute of frauds.

However, the trial court ruled that § 13–90–102 precluded plaintiff from testifying at trial about her conversations with the decedent that related to the terms of the alleged agreement and to her part performance thereof.

■ Inasmuch as plaintiff was a person directly interested in the event who sought to testify on her own behalf, we agree that the trial court properly concluded that she was disqualified as a witness. Also, defendant Josephine Resley, as heir of the intestate decedent, was a proper adverse party with standing to assert the bar to the plaintiff's testimony within the meaning of § 13–90–102, and made timely objections to the proffered testimony. *See Risbry v. Swan*, 124 Colo. 567, 239 P.2d 600 (1951).

■ Plaintiff, however, contends that defendants waived their right to assert the Dead Man's Statute to bar her testimony by their submission of her deposition in support of their motion for partial summary judgment. We agree.

■ There are several circumstances in which the incompetency of a witness under the Dead Man's Statute may be waived by acts of the adverse party: *Zackheim v. Zackheim*, 75 Colo. 161, 225 P. 268 (1924) (act of the adverse party in calling the incompetent witness for cross-examination concerning her conversations with the de-

ceased rendered her competent for all purposes); *Wise v. Hillman*, 625 P.2d 364 (Colo.1981) (failure of adverse party to object to excludable testimony favorable to their position operates as a waiver of incompetency as to other incompetent witnesses); *Marshall v. Staley*, 528 P.2d 964 (Colo.App.1974) (not selected for official publication) (introduction of incompetent witness' deposition at trial constituted a waiver of the right to object to the witness' testimony). But, the mere taking of the deposition of an incompetent witness by the adverse party for the purposes of discovery is not a waiver unless the deposition is offered as evidence by the adverse party. *Gottesleben v. Luckenbach*, 123 Colo. 429, 231 P.2d 958 (1951).

Here, defendants attached and incorporated plaintiff's entire deposition in support of their motion for summary judgment. They repeatedly relied upon plaintiff's statements in their supporting brief, asserting that her admissions made in response to questions about conversations with the decedent were dispositive in demonstrating that no genuine issue of material fact existed as to the issues raised in their motion.

Because no other affidavits or supporting documents were filed with defendants' motion, the court relied exclusively on the plaintiff's deposition testimony in granting the motion for partial summary judgment. Defendants now argue that their use of plaintiff's deposition testimony that was objectionable under the Dead Man's Statute did not constitute a waiver of their right to bar her testimony at trial. This argument must fail.

A person for whose protection the statute was enacted may not juggle with it, claiming it and waiving it in part as suits his convenience. *Zackheim v. Zackheim, supra.* Thus, we hold that defendants' use of the plaintiff's deposition to support successfully their motion for partial summary judgment in this proceeding constituted a waiver of the bar provided by § 13–90–102. *See Wise v. Hillman, supra; see also Bredemann v. Vaughan Manufacturing Co.*, 40 Ill.App.2d 232, 188 N.E.2d 746 (1963). This waiver operates to permit the plaintiff

to testify at trial to conversations and transactions with the decedent despite the prohibition of the Dead Man's Statute.

### III.

Plaintiff next contends the trial court committed reversible error in excluding evidence under § 13–90–102, C.R.S. (1987 Repl.Vol. 6A) and in subsequently determining that she had failed to establish the existence of a common law marriage. We disagree.

A common law marriage is established by the mutual consent or agreement of the parties to be husband and wife, as manifested by conduct that gives evidence of the mutual understanding and intent of the parties, followed by their mutual and open assumption of a marital relationship. *People v. Lucero,* 747 P.2d 660 (Colo.1987). The mutual agreement to be husband and wife must exist in the present, since an agreement to marry in the future does not create a common law marriage. *Radovich v. Radovich,* 84 Colo. 250, 269 P. 22 (1928).

Here, the court precluded plaintiff from testifying, based on her conversations with decedent, as to his intent to be married to her at a time prior to his death. Relying on the absence of objective evidence of the parties' mutual and open assumption of a marital relationship and of a present intent to be married, the trial court rejected plaintiff's asserted common law marriage.

We agree with the trial court's rejection of the common law marriage, but do so upon different grounds than those adopted by the trial court. Because of our disposition here, we need not consider whether the trial court erred in its application of § 13–90–102 on this issue.

The evidence is undisputed that both plaintiff and decedent were aware of plaintiff's existing marriage to a third person. Whenever the subject of their marriage was specifically discussed with other persons, both parties indicated that they were not married but that they intended to marry at some future time, sometimes alluding in such conversations to some "legal" impediment, and sometimes stating that plaintiff was married to someone else.

On December 15, 1987, more than one year after decedent's death and eight months after commencement of the instant action, plaintiff was granted a decree of dissolution of her prior marriage, effective *nunc pro tunc* December 28, 1984. The validity of the dissolution court's use of a *nunc pro tunc* order is not before us in this appeal, and hence, we do not address whether the decree properly was made retroactive.

Plaintiff argues that the retroactive removal of the legal disability to the intended marriage allowed the parties' expression of their future intent to be married to operate as a manifestation of their present intent to do so. In effect, plaintiff seeks to have the court speculate as to what the decedent might have intended regarding marriage had he been aware of the removal of the disability during his lifetime.

All of the evidence presented or offered, including the plaintiff's deposition, plainly indicates that both plaintiff and decedent knew that they could not legally be married to each other at any time prior to decedent's death, and that they did not intend to be married until the disability was formally removed. Nothing happened during the decedent's lifetime that could have altered that mutually manifested intent. Hence, we conclude that the trial court's denial of plaintiff's claim that a common law marriage existed prior to decedent's death was correct.

Those portions of the judgment denying relief on the quiet title claim and the claims for declaratory and injunctive relief based upon an alleged common law marital status are affirmed. That part of the judgment denying plaintiff's claim based on a contract for conveyance of personal property is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

STERNBERG, C.J., and RULAND, J., concur.