Mary DICKERSON, Appellant,

v.

**TROUSDALE MANUFACTURING COMPANY and the Home Insurance Companies, Appellees.**

Supreme Court of Tennessee.

Aug. 21, 1978.

**804**

Robert E. Lee, Lebanon, for appellant.

Don R. Binkley, Nashville, for appellees.

## OPINION

FONES, Justice.

This is a workman's compensation case; plaintiff appeals from the finding of the trial court that her injury was not related to her employment.

Plaintiff testified that, while employed at Trousdale Manufacturing Co., she went to the bathroom and fell down, injuring her back. Plaintiff testified that the floor was wet and slippery, and was not level, which hazards caused her to fall. There were no other witnesses to the accident itself.

The trial court's findings of fact were dispositive of plaintiff's claim, as follows:

"The Court finds that the Plaintiff's fall did not have its origin in a risk connected with her employment nor was it causally connected therewith. The Court further finds that the Plaintiff fell as a result of an idiopathic attack or blackout spell unrelated to her work or employment, and that the Plaintiff's fall was not due to any risk involved in her employment by inference or otherwise. The Court, therefore, is of the opinion that the Plaintiff herein has not established by a preponderance of the evidence that her fall and injury arose out of and in the course of her employment, and that the case should be dismissed."

There is considerable material evidence in the record to support this finding. Doctor E. K. Bratton, the physician who treated plaintiff, testified by deposition that plaintiff told him that her fall resulted from a fainting spell. Sue Durham, the payroll and personnel clerk at Trousdale Manufacturing, testified that she had visited plaintiff in the hospital on the day of her fall, and plaintiff stated that she did not know what had happened to cause her fall, and that she had passed out again after being brought to the hospital. The two employees who found plaintiff unconscious on the bathroom floor testified that the bathroom

floor was constructed of rough concrete, was level, and was dry; they also testified that the only loose thing in the bathroom over which one might trip was a chair, and that this was standing neatly against a wall some distance from plaintiff when they found her. Another employee testified that he had helped put plaintiff on a stretcher after her fall, and that her clothes were not wet; he also confirmed the testimony of other defense witnesses concerning the absence of hazards in the bathroom.

Thus, there is material evidence that plaintiff's fall did not result from any hazard incident to her employment, and that the cause of the fall was idiopathic. Where the cause of a fall is due to some condition personal to the employee, and is not causally related to some hazard incident to the conditions of the employment, injury resulting therefrom is not compensable under our workmen's compensation statutes. *Sudduth v. Williams*, 517 S.W.2d 520 (Tenn. 1974).

This Court will not disturb the finding of the trial court in a workmen's compensation case if there be any material evidence to support it. E. g., *Davis v. Gulf Ins. Group*, 546 S.W.2d 583 (Tenn. 1977).

Defendants-appellees have filed a motion in this Court seeking costs and expenses incurred in defense of this appeal, in accordance with T.C.A. § 27–124. Plaintiff's appeal depended on the absence of any material evidence to support the trial court's findings of fact. In our opinion, the presence in this record of substantial material evidence directly supporting the trial judge's findings is so clear that this appeal must be characterized as frivolous. On the authority of *Davis v. Gulf Ins. Group, supra*, and for the reasons stated therein, this case is remanded to the trial court for a determination of appellees' reasonable expenses in defending this appeal, which together with court costs shall be taxed against appellant.

Affirmed and remanded.

HENRY, C. J., and COOPER, BROCK, and HARBISON, JJ., concur.