FILED

**May 26, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 2:42 PM**



### COURT OF WORKERS' COMPENSATION CLAIMS
### DIVISION OF WORKERS' COMPENSATION

| | |
|---|---|
| **EMPLOYEE: GAYNELL PORTILLA** | **DOCKET NO. 2015-06-0024** |
| | **STATE FILE NO. 92928-2014** |
| **EMPLOYER: TYSON FOODS, INC.** | **DOI: NOVEMBER 18, 2014** |
| | **JUDGE: BAKER** |
| **INSURANCE CARRIER: SELF-INSURED** | |

### EXPEDITED HEARING ORDER

THIS CAUSE came before the Court upon the Request for Expedited Hearing filed on April 7, 2015, by Gaynell Portilla, the employee, pursuant to Tennessee Code Annotated section 50-6-239. The Court convened an in-person evidentiary hearing on May 20, 2015. Ms. Portilla appeared *pro se* and attorney Terry Hill represented the employer, Tyson Foods, Inc. (Tyson). Upon review of Ms. Portilla's request for expedited hearing, the evidence presented at the hearing, and in consideration of the applicable law, the Court enters the following order holding that Ms. Portilla is not entitled to medical benefits.

### Issues

Ms. Portilla seeks medical benefits. The propriety of awarding benefits depends upon the resolution of one central issue: whether Ms. Portilla suffered an injury arising primarily out of and in the course and scope of her employment for Tyson.

### Evidence Submitted

The Court accepted the following exhibits into evidence:

> Exh. 1, Medical Records of Gaynell Portilla (29 pages)
> Exh. 2, Affidavit of Kimberly Pedersen and Video Surveillance footage
> Exh. 3, Form C-42, Choice of Physician, November 25, 2014
> Exh. 4, Form C-20, FROI, November 26, 2014
> Exh. 5, Form C-23, Notice of Denial of Claim for Compensation, December 3, 2014

1

Exh. 6, Team Member Statement of Injury or Illness

The Court designated the following as the Technical Record:

- Petition for Benefit Determination, January 15, 2015
- Dispute Certification Notice, March 18, 2015
- Request for Expedited Hearing, April 7, 2015.

The Court did not consider attachments to the documents contained within the Technical Record unless admitted into evidence during the hearing.

**History of Claim**

Ms. Portilla worked at the Tyson plant at the time the incident at issue occurred. She is seventy-six (76) years old.

Ms. Portilla testified that when she went to work on the morning of November 18, 2014, the "stairway was so slippery that we had to hold on with both hands...just to get up the stairway." The "chaplain" was at the top of the stairs. Ms. Portilla and her co-workers told the chaplain about the "issue of the stairway being so slippery" and he "took care of that for us." Ms. Portilla suspected that the person who cleaned the stairway used an inappropriate cleaning agent but did not present any evidence affirming her belief. After climbing the stairs that morning, Ms. Portilla worked in the plant "boxing" items until her lunch break.

When the lunch break began at around 11:30 a.m., Ms. Portilla ascended four (4) flights of stairs with her co-workers who were all making their way to the break room. Ms. Portilla laughed and talked with her co-workers as she ascended the stairs. All of them were excited about the upcoming Thanksgiving holiday. When they reached the landing at the top of the stairs, Ms. Portilla testified that she stepped with her right foot "on something slippery" and her "right foot gave…slipped." When this happened, Ms. Portilla stated that she went forward and tried to grab the banister. Ms. Portilla, however, could not reach the banister and fell backwards. Ms. Portilla suffered injury to her lower back and elbow. Additionally, the hardhat she wore struck her nose when she fell, causing it to bleed.

After she fell, Ms. Portilla testified that several people came to her aid. She stated, "I kind of had the breath knocked out of me." Ms. Portilla further testified that, when she caught her breath, Nurse Pederson and a supervisor, Janice, were inspecting the area of the floor where she fell. According to Ms. Portilla, her supervisor stated that she could not find anything on the floor and asked Ms. Portilla to "look at the bottom of her shoes." Ms. Portilla testified that she then put her "two fingers…on my shoes…and I rubbed my fingers together and it was the greasy substance of some kind of meat." Ms. Portilla claimed that her supervisor then looked at her and said, in an aggressive manner, "you didn't slip and fall did you, huh!"

Video cameras in the plant captured the fall. (Exh. 2). Additionally, the plant nurse, Kimberly Pederson, submitted an affidavit stating that she inspected the area where Ms. Portilla fell

shortly after the incident. (Exh. 2). In the affidavit, Ms. Pederson further stated that she found no substances on the floor, or irregularities in the floor that would have caused Ms. Portilla to trip, or slip, and fall.

After the fall, Ms. Portilla went to the onsite nurses' station for triage. While at the nurses' station, Ms. Portilla testified that another Tyson employee, Jeff Rowan, entered and told Ms. Portilla that he believed she had "passed out." Ms. Portilla denied that she had passed out. Mr. Rowan allegedly repeated that he thought Ms. Portilla had passed out and then left the nurses' station.

Following the accident, Ms. Portilla filled out a form entitled "Team Member Statement of Injury or Illness." (Exh. 6). In the statement, Ms. Portilla wrote "top of stairs sliped [sic] and fell or triped [sic] and fell" as the description of what she was doing when the accident occurred. In the description of how the injury occurred, she wrote "I either sliped [sic] or triped [sic] and fell." Finally, in the portion of the form that asks if anything could have prevented the accident, Ms. Portilla wrote, "I don't know."

On cross-examination at the Expedited Hearing, Ms. Portilla admitted that she had already cleared the stairs when the fall occurred, but maintained that a "greasy" substance caused her to fall. Ms. Portilla stated that, after leaving the plant floor, the workers have to apply a cleaning solution, which she described as "foam that shoots out to disinfect our shoes." Ms. Portilla stated that sometimes the cleaning solution is available and sometimes it is not. She could not remember if the cleaning solution was available on the day of the accident.

Tyson provided Ms. Portilla medical care and physical therapy after the accident. (Exh. 1). Then, on December 3, 2014, Tyson issued a notice denying the claim. (Exh, 5). As the basis for denial, Tyson wrote, "Investigation found that injury was the result of her tripping over her own feet and not the result of her work or work environment."

## Ms. Portilla's Contentions

Ms. Portilla argues that she suffered a compensable workplace injury when she fell on November 18, 2014, and is entitled to medical benefits. She claims that a slippery substance on the bottom of her shoes that she believes came from inside the plant caused her to fall.

## Tyson's Contentions

Tyson maintains that the injury is idiopathic in nature and, therefore, not compensable. It relies on the video surveillance and the affidavit of Kimberly Pederson in support of its defense.

## Findings of Fact and Conclusions of Law

*Standard Applied*

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor employer." Tenn. Code Ann. § 50-6-116 (2014). Tennessee Code Annotated section 50-6-239(c)(6) provides that, "[u]nless the statute provides for a different standard of proof, at a hearing the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." Tenn. Code Ann. § 50-6-239(c) (2014). The standard of proof for the issuance of interlocutory orders at expedited hearings is different from the standard of proof at compensation hearings. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015). A workers' compensation judge may enter an interlocutory order for medical or temporary benefits upon a determination that the injured employee would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2014); *cf. McCall v. Nat'l Health Care Corp.*, 100 S.W.3d 209, 214 (Tenn. 2003).

*Factual Findings*

The Court finds that Ms. Portilla fell after reaching the top of stairs in the Tyson plant on November 18, 2014. The Court finds that a special hazard did not contribute to the fall.

*Application of Law to Facts*

In order to receive temporary workers' compensation benefits in a pretrial setting, the employee must show that she is likely to prevail at a trial on the merits of his claim. *See McCall*, 100 S.W.3d at 214. An "injury" or "personal injury" by accident is compensable whenever "the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(13) (2014). "An injury arises primarily out of and in the course and scope of employment only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" *Id.* (internal quotations omitted). In Tennessee, there is no formula that clearly defines the line between accidents and injuries that arise out of and in the course of employment, and those that do not. Instead, each case must be decided with respect to its own attendant circumstances and not by resort to a formula. *Bell v. Kelso Oil Co.*, 597 S.W.2d 731, 734 (Tenn. 1980).

It is well established that the mere presence of the employee in the workplace at the time the injury occurs does not establish that the injury arose out of the employment. Instead, the injury must result from a danger or hazard peculiar to the work or be caused by a risk inherent in the nature of the work. *Thornton v. RCA Serv. Co.*, 221 S.W.2d 954, 955 (Tenn. 1949). For example, the Supreme Court affirmed the trial court's decision denying recovery to an employee who fell at work due to a pre-existing spinal condition that caused his legs to tire and go numb. *See Greeson v. Am. Lava Corp.*, 392 S.W.2d 931, 935 (Tenn. 1965). In fact, "Tennessee courts have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as a puddle or step, in addition to the injured employee's ambulation." *Wilhelm v. Krogers*, 235 S.W.3d 122, 128-29 (Tenn. 2007). Furthermore, idiopathic injuries—those with an "unexplained origin or cause"—do not arise out of the work unless there is "some condition

4

of the employment that presents a peculiar or additional hazard." *Veler v. Wackenhut Serv's, Inc.*, 2011 Tenn. LEXIS at *3 (Tenn. Workers' Comp. Panel Jan. 28, 2011) (holding that an employee's knee injury suffered while rising from his chair to retrieve files on a shelf at work was not compensable).

Here, Ms. Portilla testified that a slippery substance on her shoe caused her to fall. The Court does not find her argument persuasive.

The facts of this case care very similar to those in *Dickerson v. Trousdale Mfg. Co.*, 569 S.W.2d 803 (Tenn. 1978). In *Dickerson*, an employee fell down in a workplace bathroom and injured her back. *Id*. at 804. No one witnessed the fall and the employee testified that the floor of the bathroom was wet, slippery and uneven. *Id*. Two coworkers who found the employee unconscious on the bathroom floor testified that the floor of the bathroom was level and dry. *Id*. Another coworker, who had helped the injured employee onto a stretcher, testified that the employee's clothes were dry. *Id*. Additionally, the employee suffered from a seizure condition that could have caused the employee to fall. *Id*. The trial court found the employee's fall arose from an idiopathic condition and ruled the claim non-compensable. *Id*. On appeal, the Supreme Court affirmed. *Id.*

While the record contains no evidence that a medical condition caused Ms. Portilla to fall, the record does contain, similarly to the facts in *Dickerson*, several compelling pieces of evidence that contradict Ms. Portilla's position. First, the video evidence does not show a hazardous condition or indicate that Ms. Portilla slipped. In the video footage, the Court observed Ms. Portilla climbed the stairs and then took a couple of steps before her feet became tangled. She then spun around and fell backwards onto the floor. The Court did not observe that her feet slipped. Instead, her feet appeared to maintain good traction on the floor until she tripped over them.

Second, the Court observed several other workers climb the stairs both before and after Ms. Portilla. At least one of the workers appeared to step on the exact spot where Mr. Portilla stepped when she fell. The Court did not observe that this worker or any of the other workers slipped. Furthermore, no one climbing the stairs attempted to avoid a hazardous or slippery area on the floor, which leads the Court to conclude that no hazard existed.

Finally, Ms. Portilla identified the chaplain, her supervisor, and Nurse Pederson as persons who observed the hazardous condition of the floor or the substance on her shoes on November 18, 2014. Ms. Portilla, however, did not call any of these witnesses to testify or provide their affidavits to corroborate her testimony. Ms. Portilla also did not indicate the presence of a slippery substance on her shoes when she filled out the "Team Member Statement of Injury or Illness" immediately after the accident. Additionally, the affidavit of Kimberly Pederson states that she inspected the area and found nothing that would have caused Ms. Portilla to fall.

Ms. Portilla bears the burden of proof and, while the amount of proof necessary to prevail in an Expedited Hearing for temporary benefits is less than in a final compensation hearing, the Court still has a duty to view the proof presented fairly, impartially, and in a manner favoring neither Ms. Portilla nor Tyson. *See* Tenn. Code Ann. § 50-6-116. Upon consideration of the evidence, the Court

finds that Ms. Portilla failed to carry her burden of proof and denies her claim for medical benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Portilla's request for medical benefits is denied at this time.

2. This is not a final order.

3. **This matter is set for Initial Hearing via teleconference on Tuesday, July 7, 2015, at 4:00 p.m. (CDT). Instructions on how to participate in the teleconference are included below.**

4. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED ON THIS THE 26TH DAY OF MAY, 2015.**

_____

**Joshua Davis Baker**
**Workers' Compensation Judge**

**INITIAL HEARING:**

An Initial Hearing has been set with Judge Joshua Davis Baker, Court of Workers' Compensation Claims. You must call (615) 741-2113 or toll free at (855) 874-0474 to participate in the Initial Hearing. Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Standard Time (CST).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 26th day of May, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| **Gaynell Portilla** | | | | | **X** | **gaynellart49@bellsouth.net** |
| **Terry Hill** | | | | | **X** | thill@manierherod.com |

_____

**Penny Shrum, Clerk**
**Tennessee Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**