FILED
Aug 30, 2018
08:29 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS





## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| REGINALD MILLER, SR., | ) | Docket No. 2018-06-0225 |
|     Employee, | ) | |
| v. | ) | |
| LOGAN'S ROADHOUSE, INC., | ) | State File No. 3595-2018 |
|     Employer, | ) | |
| And | ) | |
| AGRI GENERAL, | ) | Judge Joshua Davis Baker |
|     Carrier. | ) | |

_____

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS
## (DECISION ON THE RECORD)

_____

This claim came before the Court on Mr. Miller's request for expedited hearing. Mr. Miller asked the Court to decide his interlocutory claim for benefits based on a review of the record without an evidentiary hearing. Logan's did not oppose his request. This Court determined it needed no further information to determine Mr. Miller's request and issued a docketing notice giving the parties until August 7, 2018, to file position statements. Both parties filed statements.

Mr. Miller seeks temporary disability and medical benefits, including reimbursement of medical expenses, for a head injury he suffered in a fall while working at Logan's. Logan's argues his injury was not primarily caused by his employment and/or is idiopathic in nature. This Court holds Mr. Miller presented sufficient evidence to establish he would likely succeed at a hearing on the merits concerning entitlement to additional medical treatment and payment of some past medical expenses. The Court denies his request for temporary disability benefits.

### Claim History

As Mr. Miller requested a decision without an evidentiary hearing, the Court derived the facts from file-documentation. While working in Logan's kitchen, Mr. Miller

felt faint, lost consciousness, and fell. In the fall, he injured his head and left elbow. He attributed his loss of consciousness to fumes from a chemical oven-cleaner and heat emanating from the ovens that a coworker was cleaning. Logan's denied his claim and paid for none of his medical care.

Mr. Miller sought emergent care at Sumner Regional Medical Center. The medical records indicate he passed out at work, fell, and hit his head on a shelf. Dr. Vivian Lei diagnosed a "superficial injury of head; contusion of left elbow." She reported his head had "a 1 cm laceration," which required a staple, and "tenderness over the left elbow." Using imaging studies, providers found "no evidence of skull fracture or acute intracranial hemorrhage" and "no evidence of fracture or malalignment" in his left elbow. An elbow MRI revealed only "mild degenerative changes." Dr. Lei instructed Mr. Miller to see his primary care physician, Dr. Jack Patterson, for staple-removal and follow-up care.

A week later, Dr. Patterson removed the staple and recommended a CT scan of Mr. Miller's head because of his complaints about headaches, balance and memory loss. The CT scan demonstrated "no acute intracranial abnormality." Dr. Patterson then recommended a neurologic examination. When asked whether the "injury" resulted in permanent disability, Dr. Patterson declined to answer citing a lack of qualification. He also noted Mr. Miller was "still on disability unrelated to injury."

Due to the neurology referral from Dr. Patterson, Mr. Miller saw Dr. Wesley Chou. He recommended a brain MRI and EEG, which proved normal. Dr. Chou also reported normal results from physical and neurological examinations.

Several months after his fall, Mr. Miller attended a previously-scheduled orthopedic appointment for an unrelated condition. He told his physician, Dr. Chaitanya S. Malempati, that he "injured his back and both knees" in a fall at work. Mr. Miller complained of lower back and left shoulder pain, "shooting pain down both legs," and "difficulty ambulating." Dr. Malempati noted no abnormalities from pelvic and lumbar spine x-rays, apart from degenerative disc disease, and suggested an MRI of the lumbar spine if his symptoms worsened. He recommended physical therapy for left shoulder pain and decreased arm strength.

**Findings of Fact and Conclusions of Law**

Mr. Miller must present sufficient evidence to show he would likely prevail at that final hearing to receive relief at this expedited hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). The Court holds he carried that burden regarding his request for medical benefits and payment for some past medical treatment.

2

To establish causation, Mr. Miller must show he suffered an injury "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment . . . [that] is identifiable by time and place of occurrence." An injury "arises primarily out of and in the course and scope of employment" only if the "employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(14).

In his affidavit and Petition for Benefit Determination, Mr. Miller claimed he passed out and hit his head after being exposed to high temperatures and fumes from an oven-cleaner. While not stated in his affidavit, emergency room records indicate he hit his head on a shelf when he fell. The incident occurred while he worked in the kitchen at Logan's. Logan's presented no evidence contradicting Mr. Miller's version of events.

Logan's argued Mr. Miller cannot prevail because he failed to produce medical proof that his injury arose primarily out of his work. Specifically, he failed to produce a doctor's opinion affirmatively linking his fainting episode to heat and fume exposure. However, at an expedited hearing, an employee need not establish medical causation by a preponderance of the evidence. *See Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016). Rather, if the employee comes forward with evidence showing that a work event resulted in injury, it may be sufficient to support an order compelling an employer to provide a panel. *Id.*

The Court finds that Mr. Miller presented sufficient evidence to establish that he is entitled to a panel of physicians. Logan's argument concerning lack of evidence on medical causation is premature.

Logan's also asserted that Mr. Miller's injury is idiopathic. The Court disagrees. An idiopathic injury has "unexplained origin or cause, and generally does not arise out of the employment unless 'some condition of the employment presents a peculiar or additional hazard.'" *Frye v. Vincent Printing Co.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *11 (Aug. 2, 2016) (internal citation omitted). "Cause" in this context is not "proximate cause" as used in the law of negligence; rather, "cause means that the accident originated in the hazards to which the employee was exposed as a result of performing his or her job duties." *Id*. at *12.

Logan's cited two cases supporting its argument: *Sudduth v. Williams*, 517 S.W.2d 520 (Tenn. 1974); and *Dickerson v. Trousdale Mfg. Co.*, 569 S.W.2d 803 (Tenn. 1978). In those cases, however, the facts showed the employees lost consciousness due to conditions unrelated to the workplace: a seizure and fainting spell, respectively. Additionally, the employees fell and hit the floor. Here, Mr. Miller alleged that he passed out from exposure to heat and oven-cleaner fumes. Additionally, the emergency room records indicated he hit his head on a shelf when he fell. The Court holds the heat, fumes, and the shelf presented special hazards inherent in Mr. Miller's job, and his

testimony concerning the circumstances of the incident is relevant to the determination of causation. *See Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991); *Tindall v. Waring Park Ass'n*, 725 S.W.2d 935, 937 (Tenn. 1987).

Further, while Logan's claimed Mr. Miller's preexisting conditions caused him to pass out, it provided no evidence to support this claim. Mr. Miller admitted he suffered from other unnamed conditions, and Dr. Patterson noted he was on disability near the time of his accident. However, despite his suffering from other conditions, none of the proof linked his workplace incident to those conditions, and none of the proof contradicted Mr. Miller's version of the incident. For all these reasons, the Court holds Mr. Miller would likely prevail at a hearing on the merits in his request for medical treatment. Although it is unclear what further treatment Mr. Miller may need, the Court orders Logan's to provide continuing medical treatment with Dr. Patterson, who can make decisions concerning the necessity of additional treatment for this injury. *See Young v. Young Elec. Co.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at \*18 (May 25, 2016) (citing *GAF Bldg. Materials v. George*, 47 S.W.3d 430, 433 (Tenn. Workers' Comp. Panel 2001) ("An employer who denies liability for a compensable injury is in no position to insist upon the statutory provisions respecting the choosing of physicians.")).

The Court also finds Mr. Miller would likely prevail at a hearing on the merits in proving his claim for some of his past medical expenses. Logan's must provide Mr. Miller "medical and surgical treatment . . . as ordered by the attending physician . . . made reasonably necessary by accident" at no cost to him. Tenn. Code Ann. § 50-6-204(a)(1)(A). Because Logan's failed to provide Mr. Miller a panel it ran "the risk" of being held responsible to pay for medical treatment he incurred while treating with physicians of his choice. *See McCord* at \*13 ("[A]n employer who elects to deny a claim runs the risk that it will be held responsible for medical benefits obtained from a medical provider of the employee's choice[.]"). The Court holds that Logan's must pay the cost for treatment made reasonably necessary by the accident.[1]

Mr. Miller received medical care from several providers on the date of the accident and soon afterward. On the day of the accident, Mr. Miller was transported by ambulance to Sumner Regional Medical Center where he received emergency treatment for his head injury. At Sumner, Dr. Lei placed staples in his head to close the wound; she also instructed Mr. Miller to follow up with his primary care doctor, Dr. Patterson, to have the staples removed. Dr. Patterson removed the staples and ordered a CT scan due to complaints about headaches, balance and memory loss. Dr. Patterson then recommended a neurologic examination, and Mr. Miller treated with Dr. Chou. Dr. Chou ordered a brain MRI and an EEG, which produced normal results. The Court finds the medical care from these providers was reasonably necessary for treatment of Mr. Miller's

---

[1] Logan's objected to inclusion of medical bills in the record citing lack of foundation and insufficient proof of reasonably medical necessity as bases for the objection. The Court denies the objection.

4

accident and orders Logan's to pay the associated costs. The Court holds that the treatment provided by Dr. Malempati was not reasonably necessary.

Lastly, Mr. Miller requested temporary disability benefits. In order to prove entitlement to temporary total disability benefits, the worker must show (1) he is totally disabled and unable to work due to a compensable injury, (2) the work injury and inability to work are causally connected, and (3) the duration of the disability. *Jewell v. Cobble Constr. & Arcus Restoration,* 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *21 (Jan. 12, 2015). Mr. Miller failed to prove all three elements, so the Court denies his request for temporary disability benefits at this time.

It is **ORDERED** as follows:

1. Logan's shall provide Mr. Miller continuing medical treatment with Dr. Patterson.

2. Logan's shall pay for the medical treatment previously provided Sumner Regional Medical Center, Dr. Lei, Dr. Patterson, and Dr. Chou. It shall also pay for the ambulance transport on the date of the accident, the CT scan, the MRI and the EEG.

3. The Court denies Mr. Miller's request for temporary disability benefits.

4. This matter is set for a status conference on Monday, October 22, 2018, at 9:00 a.m. (CDT). **You must call 615-741-2113 or toll-free 855-874-0474 to participate in the Hearing. Failure to call may result in a determination of issues without your further participation.**

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED ON AUGUST 30, 2018.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

5

# APPENDIX

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Affidavit of Reginald Miller, Sr.
5. Medical Records of Sumner Regional Medical Center
6. Medical Records of Dr. Jack Patterson, Patterson Medical Clinic
7. Medical Records of Medical Center Orthopaedics
8. Letter from Defense Counsel to Mediator dated May 24, 2018
9. Billing from The Medical Center at Franklin, Account Summaries
10. Billing from Sumner Regional Medical Center, Billing Date January 12, 2018
11. Billing from Commonwealth Financial Resources (CFR)
12. MRI Brain With and Without Contrast dated May 10, 2018
13. Duplex Ultrasound Carotid and Vertebral Arteries
14. Medical Records of Dr. Wesley Chou
15. Medical Records of the Graves-Gilbert Clinic
16. Billing and Account Summaries from Sumner County EMS for January 8, 2018 Date of Service
17. Billing from Sumner Radiology PC, Statement Date April 25, 2018
18. Billing from Imaging Consultants of Kentucky
19. Billings from Commonwealth Financial Resources dated April 20, 2018
20. Billing from Alcoa Billing Center
21. Billing from Emergency Physician Billing, Statement Date April 27, 2018
22. Billing from Dr. J. Kelly Patterson
23. Document Titled, "67 Pages to: Nicole Billings, From: Reginald Miller, Sr. Re: Workman Compensation DCN May 24, 2018, Claim# 002865006505WC01"
24. The Medical Center at Franklin, CT Head Without Contrast, dated January 15, 2018
25. Orthopedist referral by Dr. J. Kelly Patterson for "Back/Shoulder/Leg Pain," dated 3/16/18
26. The Medical Center at Franklin, CT Head Without Contrast, dated January 15, 2018

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on the 30th of August, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|---------------|---------|-----------|------------------|
| Reginald Miller, Self-represented Employee | X | | X | 407 N. Russell St. Portland, TN 37148 reginaldmiller@gmail.com |
| John Barringer, Employer's Attorney | | | X | jbarringer@manierherod.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**

7



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation
220 French Landing Drive, I-B
Nashville, TN 37243-1002
800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____ , having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

    _____  Relationship: _____

    _____  Relationship: _____

    _____  Relationship: _____

    _____  Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month      Medical/Dental $ _____ per month

    Groceries      $ _____ per month     Telephone      $ _____ per month

    Electricity      $ _____ per month     School Supplies $ _____ per month

    Water      $ _____ per month     Clothing      $ _____ per month

    Gas      $ _____ per month     Child Care      $ _____ per month

    Transportation $ _____ per month     Child Support $ _____ per month

    Car      $_____ per month

    Other      $ _____ per month (describe: _____ )

10. Assets:

    Automobile      $ _____     (FMV) _____

    Checking/Savings Acct. $ _____

    House      $ _____     (FMV) _____

    Other      $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____