DELEVAN–DELTA CORPORATION,
Plaintiff-Appellee,

v.

Larry W. ROBERTS,
Defendant-Appellant.

Supreme Court of Tennessee.

Jan. 26, 1981.

Gayle I. Malone, Jr., Nashville, for plaintiff-appellee.

T. Robert Hill, Ricky L. Boren, Jackson, for defendant-appellant.

## OPINION

DROWOTA, Justice.

In this worker's compensation case we are asked (1) to determine the propriety, under Rule 52 of the Tennessee Rules of Civil Procedure, of the trial court adopting findings of fact and conclusions of law prepared by counsel, and (2) to determine whether there is any material evidence to support the judgment of the trial court.

The defendant was involved in a motorcycle accident several years before going to work for the plaintiff. He injured both of his wrists in the accident when he fell on

his outstretched hands. After the accident, the defendant underwent surgery on his left wrist to fuse one of the bones in his wrist back together. Although his right wrist was likewise broken, he never underwent a similar operation on his right wrist until after he went to work for the plaintiff. The defendant went to work for the plaintiff doing manual labor. He reported having periodic pain in both wrists. While moving a barrel one day, the defendant twisted his right wrist. The wrist began to swell and ache and so he was sent home from work. Subsequent to this injury, his right wrist was operated on and a disability rating was given by one of the defendant's physicians.

The trial court denied any relief, finding that the operation on defendant's right wrist was due to the motorcycle accident rather than an aggravation of his wrist condition resulting from moving the barrel at work. On appeal, defendant takes the position that there is no material evidence to support the trial court's findings. The defendant also claims prejudice resulting from the manner in which the trial court made its findings and entered its order. We deal first with the trial court's methods.

### I.

Upon the conclusion of trial, the trial court took the matter under advisement for further consideration and review of the medical depositions. Shortly thereafter counsel for plaintiff received a letter from the court which outlined the court's findings and requested that the employer's counsel prepare an order. The court failed to send a copy of this letter to defendant's counsel. Plaintiff's counsel prepared an order and sent the order to the trial court and a copy to adversary counsel. Before the order was entered the employee's counsel made a request for findings of fact and conclusions of law pursuant to Rule 52 of the Tennessee Rules of Civil Procedure. Upon receiving the defendant's request, counsel for plaintiff prepared proposed findings of fact and conclusions of law and

also prepared another order which incorporated the proposed findings and conclusions by reference. Counsel for plaintiff sent the proposed findings and order to the trial court with a copy to adversary counsel. Subsequently the trial court sent counsel for plaintiff, with a copy to counsel for defendant, a letter advising counsel that he had gone over the proposed findings of fact and conclusions of law and agreed with those conclusions submitted by plaintiff's counsel and was signing the final order. The day prior to the trial court's letter, counsel for defendant sent the trial judge a letter in which he questioned the propriety of the submission by counsel of proposed findings of fact, contending that the judge was abrogating his responsibilities under Rule 52, TRCP.

In *Nashville, Chattanooga, & St. Louis Railway Company, et al. v. Price*, 125 Tenn. 646, 148 S.W. 219 (1911), this Court held that it was improper for the trial judge to permit or require counsel for the successful party to prepare written findings of fact. The rationale behind the holding was that this task is a high judicial function and should not be entrusted to counsel who are naturally biased.

Since our decision in *Price* we have adopted Rules of Civil Procedure.[1] Rule 52.01 provides that, "In all actions tried upon the facts without a jury, and upon request made by any party prior to the entry of judgment, the court shall find the facts specially and shall state separately its conclusions of law thereon and direct the entry of the appropriate judgment." Rule 52.02 provides that within thirty days after the entry of judgment, a party may move the court to amend the findings or make additional findings and amend the judgment accordingly.

■ Although we believe *Price* was correctly decided, we think the adoption of the Rules of Civil Procedure calls for a modification of its holding. We agree that the preparation of findings and conclusions is a high judicial function. We are committed

1. Tennessee Rules of Civil Procedure became effective January 1, 1971.

to the requirement that the trial court's findings and conclusions be its own. However, we are also aware that the thorough preparation of suggested findings and conclusions by able counsel can be of great assistance to the trial court. In an effort to strike a balance between these considerations, we hold that although it is improper for the trial court to require counsel to prepare findings, it is permissible and indeed sometimes desirable for the trial court to permit counsel for any party to submit proposed findings and conclusions. Findings prepared by the trial judge which represent his independent labor are preferable, however we do not disapprove of party-prepared findings. This is a modification of *Price* which we feel is more consonant with the Rules of Civil Procedure. We wish to point out that before adopting findings prepared by counsel, the trial judge should carefully examine them to establish that they accurately reflect his views and conclusions, and not those of counsel. He should also ascertain that they adequately dispose of all material issues, and to assure that matters not a proper part of the determination have not been included.

■ We agree with this defendant that the better practice would be for all parties to receive copies of all papers and correspondence from the trial judge relating to any given case. We do not think, however, that the conduct of this trial judge constitutes reversible error. The court's letter set forth the court's findings and conclusions and requested an order from the prevailing party. In short, the court had decided the case. Counsel for the plaintiff voluntarily submitted his proposed findings and conclusions as an aid to the court. If the defendant were dissatisfied with the proposed findings, Rule 52.02 gave him thirty days from the entry of judgment to move the court to amend or make additional findings and amend the judgment accordingly. No such motion was made. *See Foster v. Bank of America Nat. Trust & Sav. Ass'n.*, 77 Nev. 365, 365 P.2d 313, 318 (1961). We hold that counsel for the plaintiff acted properly within the Rules. We find no impropriety in the trial court's adoption of the findings and conclusions prepared by counsel for the plaintiff. *See, Rogers v. Dumas*, 166 Kan. 519, 203 P.2d 165, 169 (1949); *Uptime Corp. v. Colorado Research Corp.*, 161 Colo. 87, 420 P.2d 232 (1966); *Pacific States Cast Iron Pipe Co. v. Roberts*, 489 P.2d 336, 337 (Colo.App.1971).

## II.

■ Next, the defendant takes the position that there is no material evidence in the record to support the trial court's finding. This is the standard to be met. *See e. g., Dickerson v. Trousdale Manufacturing Co.*, 569 S.W.2d 803 (Tenn.1978). Dr. Hornsby, the treating physician, testified that the pain and swelling in defendant's right wrist caused by moving the barrel would, with time and rest, subside. Therefore, the trial court was warranted in finding that the operation on the defendant's right wrist and the resulting disability was not work related but was an inevitable result of the defendant's motorcycle accident.

■ While we sustain the trial court's ruling as to permanent disability, we find nothing in the record to support its denial of temporary disability benefits. The accident with the barrel occurred on August 18, 1978. The surgery on the right wrist took place in September of that same year. It is clear from what we have said that no benefits are due the defendant for the period subsequent to the surgery. It is not clear from this record whether the additional pain and swelling caused by the barrel accident persisted up until the day of the surgery or whether the wrist returned to its pre-existing condition prior to the surgery. We therefore remand this case to the trial court for an award of temporary disability benefits based upon the period of time that the defendant's wrist was unusually inflamed.

The costs of this appeal shall be taxed equally between the parties.

Affirmed in part, modified in part, and remanded.

BROCK, C. J., and FONES, COOPER and HARBISON, JJ., concur.