IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 5, 2018 Session

## JOHN R. DEBERRY v. CUMBERLAND ELECTRIC MEMBERSHIP CORPORATION

**Appeal from the Circuit Court for Montgomery County**
**No. MCCCCVOD-13-3028      Ross H. Hicks, Judge**

_____

### No. M2017-02399-COA-R3-CV

_____

This is a retaliatory discharge claim brought by an employee against his employer, alleging he was fired in retaliation for claiming workers' compensation benefits. The trial court ruled in favor of the employee, finding that the employee had made a prima facie showing that his termination was in retaliation for his claim for workers' compensation benefits. The trial court also found that the employee established the employer's stated non-discriminatory reason was pretext. Because the record does not reflect that the trial court exercised its own independent judgment, we vacate and remand for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Roger A. Maness, Clarksville, Tennessee, for the appellant, Cumberland Electric Membership Corporation.

Matthew A. Moushon and Gabrielle C. Mees, Nashville, Tennessee, for the appellee, John R. DeBerry.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

John R. Deberry, appellee, filed this retaliatory discharge case, claiming he was fired in retaliation for receiving workers' compensation benefits. Mr. Deberry worked as a groundman for appellant, Cumberland Electric Membership Corporation ("CEMC"). During his time as a groundman for CEMC, Mr. DeBerry suffered three separate injuries—for one of which he missed time from work and received workers' compensation benefits.

The first injury Mr. DeBerry sustained occurred in 2012 when he tore his rotator cuff. As a result, he remained off work for six months and received workers' compensation benefits during the entire time period. The two subsequent injuries involved minor injuries to Mr. DeBerry's lower back while moving an axle that is used to hold a reel of wire. With respect to the last two injuries, he filled out incident reports but did not miss any time from work nor did he receive workers' compensation benefits for either injury.

Five days after the second injury to Mr. DeBerry's lower back, on May 21, 2013, Mr. DeBerry was terminated. Mr. DeBerry filed the present lawsuit on December 20, 2013, alleging he was fired in retaliation for his claim for workers' compensation benefits. CEMC filed an answer on September 18, 2014, asserting that Mr. DeBerry was expressly told to lift the axle in a certain way and that he knowingly disregarded those instructions, choosing instead to lift the axle in an unsafe manner. Mr. DeBerry's failure to heed the instructions was further alleged to be in violation of the CEMC safety manual.

A bench trial was held on October 4, 2017. At the conclusion of the trial, the trial judge stated, "I intend to take this matter under advisement," and he did not give an oral ruling. The trial court further instructed both parties to submit proposed findings of fact and conclusions of law. After both parties submitted their respective findings and conclusions, the trial court found in favor of Mr. DeBerry. The trial court found that Mr. DeBerry had satisfied his burden of proof, proving that his termination was in retaliation for his claim for workers' compensation benefits. The court found that Mr. DeBerry proved that CEMC's proffered legitimate business reason of "willfully disregard[ing]" the instructions given by the Safety Committee regarding lifting the axle was pretext. CEMC filed a timely notice of appeal.

## II. ISSUES PRESENTED

CEMC presents the following issues on appeal:

1.      Whether the trial court erred in finding that Mr. DeBerry had carried his burden of proving by a preponderance of the evidence that his claim for workers' compensation benefits was a substantial motivating factor in the decision to terminate his employment?

2

2.    Whether the trial court erred as a matter of law in its analysis of whether CEMC's proffered legitimate business reasons for terminating Mr. DeBerry's employment were pretextual?

### III. STANDARD OF REVIEW

In cases tried without a jury, findings of fact will be reviewed "de novo upon the record of the trial court" with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *SecurAmerica Bus. Credit v. Southland Transp. Co.*, No. W2016–02505–COA–R3–CV, 2018 WL 1100958, at *5 (Tenn. Ct. App. Feb. 27, 2018). We review the trial court's conclusions of law de novo with no presumption of correctness. *Id.*

### IV. DISCUSSION

A trial court's decisions "must be, and must appear to be, the result of the exercise of the trial court's own judgment." *Smith v. UHS of Lakeside, Inc.,* 439 S.W.3d 303, 312 (Tenn. 2014).[1] The requirement that a trial court exercise its independent judgment does not mean that a trial court may not adopt party-prepared findings of fact and conclusions of law. *SecurAmerica Bus. Credit*, 2018 WL 1100958, at *6. To the contrary, while judge-prepared findings and conclusions are preferable,[2] party-prepared factual findings and legal conclusions may be adopted under two conditions: "(1) the findings and conclusions must accurately reflect the decision of the trial court[;] and [(2)] the record must not create doubt that the decision represents the trial court's own deliberations and decision." *Premier Imaging/ Med. Sys, Inc. v. Coffey Family Med. Clinic, P.C.,* No. E2017-02186-COA-R3-CV, 2018 WL 3361067, at *6 (Tenn. Ct. App. July 10, 2018) (quoting *Smith,* 439 S.W.3d at 316) (internal quotations omitted)). In order to determine whether a trial court exercised its independent judgment in rendering a decision, "we compare the trial court's oral ruling with its written order." *SecurAmerica Bus. Credit*, 2018 WL 1100958, at *6.

---

[1] While the court in *Smith* examined independent judgment in the summary judgment context, the holding in *Smith* is also applicable to other cases including bench trials, such as in the present case. *See In re Colton B.,* No. M2017–00997–COA–R3–PT, 2017 WL 6550620, at *3 (Tenn. Ct. App. Dec. 22, 2017) (noting that the court in *Smith* examined cases outside the purview of summary judgment in concluding whether the trial court exercised independent judgment and determining that "the holding in *Smith* is equally applicable in other cases where trial courts are required to make findings of fact and conclusions of law.").

[2] *See Delevan-Delta Corp. v. Roberts,* 611 S.W.2d 51, 53 (Tenn. 1981) ("Findings prepared by the trial judge which represent his independent labor are preferable. . . .").

Here, the trial court did not make an oral ruling; therefore we have nothing to compare to the written order. Instead, the trial court decided to "take th[e] matter under advisement." The trial court also requested that both parties submit proposed findings of fact and conclusions of law. After both parties had submitted their findings and conclusions, the trial court adopted nearly all of plaintiff's findings[3] and completely adopted plaintiff's conclusions of law. The only changes made to plaintiff's proposed conclusions of law by the court in its order were to fill in a blank left for the damages award, fill in the date, and change the format of the signature line at the bottom of the document. The findings and particularly the conclusions adopted by the trial court implicate the concerns expressed by the Tennessee Supreme Court in *Smith,* where the court stated:

> A trial court's verbatim adoption of verbiage submitted by the prevailing party . . . gives rise to the impression that the trial judge either has not considered the losing party's arguments, or has done little more than choose between two provided options rather than fashioning a considered, independent ruling based on the evidence, the filings, argument of counsel, and applicable legal principles. At worst, it risks creating an appearance of bias or the impression that the trial court ceded its decision-making responsibility to one of the parties.

*Smith,* 439 S.W.3d at 315.

The absence of an oral ruling means we cannot determine whether "the findings and conclusions [] accurately reflect the decision of the trial court," nor whether the "decision represents the trial court's own deliberations and decision[,]"as the record is devoid of any indication of the trial court's decision outside of its adoption of party-prepared findings and conclusions. *Premier Imaging/ Med. Sys, Inc.,* 2018 WL 3361067, at *6. Because of the non-existence of an oral ruling along with the near verbatim adoption of plaintiff's findings and conclusions, we cannot parse out whether the order was the trial court's own independent judgment.

While we recognize the hardship to the parties created by delaying a decision on the merits, "we cannot excuse the trial court from its obligation to render a decision that is 'the product of the trial court's independent judgment.'" *In re Colton B.,* 2017 WL 6550620, at *5 (quoting *Smith,* 439 S.W.3d at 315). Therefore, we must vacate and

---

[3] Specifically, the trial court adopted all but two of plaintiff's forty-three proposed findings of fact. Of the forty-one findings adopted from plaintiff's proposed findings, the court slightly reworded one finding, while adding a sentence to another from defendant's proposed findings. Further, the court incorporated only seven of defendant's proposed findings of fact.

remand this case for further proceedings consistent with this opinion.

## V. CONCLUSION

The judgment of the trial court is vacated, and this case is remanded for further proceedings consistent with this opinion. Costs are taxed one-half against the Appellee, John R. DeBerry, and one-half against the Appellant, Cumberland Electric Membership Corporation, for which execution may issue if necessary.

_____

BRANDON O. GIBSON, JUDGE