IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned February 25, 2019

## MARY BETH HARCROW v. CLYDE JOHNSON HARCROW, III

**Appeal from the Circuit Court for Sumner County**
**No. 83CC1-2018-CV-282     Joe Thompson, Judge**

_____

### No. M2019-00353-COA-T10B-CV

_____

This is an interlocutory appeal as of right, pursuant to Tennessee Supreme Court Rule 10B ("Rule 10B"), from the trial court's denial of a motion for judicial recusal filed by the plaintiff wife during the course of the parties' divorce proceedings. Discerning no reversible error in the trial court judge's denial of the motion, we affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Circuit Court Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Mary Beth Harcrow, Cumming, Georgia, Pro Se.[1]

Joseph Y. Longmire, Jr., Hendersonville, Tennessee, for the appellee, Clyde Johnson Harcrow, III.

### OPINION

#### I. Factual and Procedural Background

According to the petition filed in this Court, the plaintiff/petitioner, Mary Beth Harcrow ("Wife"), filed the action for dissolution of the parties' long-term marriage on or about March 26, 2018. Prior to the filing of this divorce proceeding in the Sumner County Circuit Court ("trial court"), Wife had obtained from a Delaware court on March

_____

[1] Although the service address on the order being appealed reflects an address for Wife in Goodlettsville, Tennessee, the certificate of service on the petition filed in this Court reflects a Georgia address.

1

6, 2018, an order in the nature of an order of protection ("the Delaware order") against the defendant/respondent, Clyde Johnson Harcrow, III ("Husband").

On January 4, 2019, Wife filed a lengthy Rule 10B motion in the divorce case, seeking recusal of the trial court judge. In this motion, Wife asserted that the trial court judge had demonstrated bias in favor of Husband by failing to give "full faith and credit" to the Delaware order and by continuously ruling in favor of Husband on "a blizzard of motions" filed in the case. The final hearing in the case was scheduled to take place on the following Monday, January 7, 2019. Wife stated in her motion that it was not being filed "for any improper purpose, such as to harass or cause needless increase in the costs of this litigation," and the motion was supported by an affidavit meeting the requirements of Rule 10B.[2]

Before taking up any other matters during the hearing scheduled on January 7, 2019, the trial court judge considered Wife's Rule 10B motion, as he was required to do, and determined that it was both untimely and without merit. *See* Tenn. Sup. Ct. R. 10B, § 1.02 ("While the motion is pending, the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken."). The trial court judge explained in his oral ruling:

> The rule states any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record or a judge acting as a court of record shall do so by a timely filed written motion.
>
> I want to say, as a preliminary matter, that a motion filed at 2 p.m. on the Friday before the final hearing on the following Monday is not timely, and I could deny this motion on that basis alone. I will also say as I read the contents of the motion there are no facts in the motion that [Wife] was unaware of prior to January 4th. All of these facts she could have raised in prior pleadings, and should have raised. If she actually wanted to raise this issue, she could have and should have done so.
>
> Nevertheless, the basis of the recusal isn't because of any factual impartiality or implication or accusation that I know either of the parties, that I know anything about the substance of the litigation; rather it's that the

---

[2] *See* Tenn. Sup. Ct. R. 10B, § 1.01 ("The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials.").

Court failed to enforce the terms of a foreign order of protection out of the state of Delaware[.]

And while that certainly may be the basis for reversal by the Court of Appeals; it's not the basis for a recusal. Essentially, she disagrees with how the law is being applied in this case. And, as I've said, that might be fertile grounds for an appeal, but it's certainly not the basis for a recusal.

So because it wasn't timely filed, because [Wife] could have raised this motion much earlier in the litigation, and because the basis for the recusal is simply an allegation that the Court is misapplying the law, [Wife's] motion for recusal is denied.

In the written order denying Wife's motion, which was entered on February 6, 2019, the trial court judge "specifically adopt[ed] the ruling" made on the record at the January 7, 2019 hearing "as its findings of facts and conclusions of law."[3] A transcript of the trial court judge's oral ruling on the motion was attached to and incorporated by reference into the written order.

Wife thereafter timely filed her petition for recusal appeal in this Court pursuant to Rule 10B. Having reviewed Wife's petition and supporting documents, together with Husband's answer to the petition and appendix thereto, we conclude that additional briefing and oral argument are unnecessary. As such, we decide this appeal in accordance with sections 2.05 and 2.06 of Rule 10B.

## II. Issues Presented

Wife presents two issues on appeal, which we have restated as follows:

1. Whether the trial court judge erred by denying Wife's Rule 10B motion.

2. Whether the trial court judge erred by entering an order that failed to comply with the requirements of section 1.03 of Rule 10B.

In addition, to the extent that Wife's petition may be interpreted as challenging the trial court judge's other rulings in the proceedings below, this Court has confined its consideration, as we must, solely to the trial court judge's denial of the recusal motion.

---

[3] Wife initially filed a petition for recusal appeal, challenging the trial court judge's oral ruling on the motion, prior to entry of the written order, which appeal was dismissed by this Court. *See Harcrow v. Harcrow*, No. M2019-00141-COA-T10B-CV, 2019 WL 410701 (Tenn. Ct. App. Jan. 31, 2019).

*See Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) (noting that an appellate court "may not review the correctness or merits of the trial court's other rulings" in an interlocutory appeal as of right pursuant to Rule 10B).

## III. Standard of Review

Concerning the standard of review applicable to Rule 10B petitions, this Court has explained:

> The 2012 adoption of Tennessee Supreme Court Rule 10B requires appellate courts to review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B, § 2.01. The party seeking recusal bears the burden of proof, and "any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case." *Williams by & through Rezba* [*v. HealthSouth Rehab. Hosp. N.*], [No. W2015-00639-COA-T10B-CV], 2015 WL 2258172, at *5 [(Tenn. Ct. App. May 8, 2015)] (citing *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *3 (Tenn. Ct. App. Feb. 11, 2014)).

*Childress v. United Parcel Serv. Inc.*, No. W2016-00688-COA-T10B-CV, 2016 WL 3226316, at *2 (Tenn. Ct. App. June 3, 2016).

## IV. Sufficiency of Order

Wife contends that the order denying her Rule 10B motion does not comply with section 1.03 of Rule 10B because the order was prepared by opposing counsel and does not state the grounds upon which the motion was denied. Section 1.03 of Rule 10B provides, *inter alia*, that "the judge shall state in writing the grounds upon which he or she denies the motion." Wife argues that the incorporation by reference into the order of the trial court judge's oral findings made at the hearing on January 7, 2019, cannot substitute for the recitation of the required findings in the order itself. She further argues that preparation of the order by counsel means that the order does not represent the trial court judge's rationale supporting the denial of the motion, but rather counsel's rationale. We disagree on both points.

The record contains no indication that the trial court judge did not review the order prepared by counsel to ensure that it reflected his ruling and findings as announced on the record at the January 7, 2019 hearing. As such, we cannot conclude that it was error for the trial court to adopt the order as its own. *See Madden Phillips Constr., Inc. v. GGAT Dev. Corp.*, 315 S.W.3d 800, 811 (Tenn. Ct. App. 2009); *see also Delevan-Delta Corp. v.*

4

*Roberts*, 611 S.W.2d 51, 52-53 (Tenn. 1981); *Airline Constr., Inc. v. Barr*, 807 S.W.2d 247, 253 (Tenn. Ct. App. 1990).

Furthermore, the trial court judge's incorporation by reference of the oral findings made at the January 7, 2019 hearing into the written order was sufficient to meet the requirements of section 1.03 of Rule 10B. A trial court's oral pronouncements, if made a part of the written judgment through incorporation by reference, become a part of the judgment and reviewable as such. *See, e.g., Shelby v. Shelby*, 696 S.W.2d 360, 361 (Tenn. Ct. App. 1985) ("We do not review the Court's oral statements, unless incorporated in a decree . . . ."); *Sparkle Laundry & Cleaners, Inc. v. Kelton*, 595 S.W.2d 88, 93 (Tenn. Ct. App. 1979) ("[N]o oral pronouncement is of any effect unless and until made a part of a written judgment duly entered."). We therefore conclude that the written order entered by the trial court comports with the requirements of section 1.03 of Rule 10B.

## V. Merits of Recusal Motion

Wife contends that the order denying her Rule 10B motion must be reversed because the trial court judge's alleged failure to adhere to the law in these proceedings, particularly with regard to enforcement of the Delaware order, suggests bias and a lack of impartiality requiring recusal. We determine Wife's contention to be unavailing.

Without question, "[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right." *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)); *see also* Tenn. Const. art. VI, § 11. This constitutional right "is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'" *Id.* (quoting *Austin*, 87 S.W.3d at 470). "[P]reservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998) (citing *Offutt v. United States*, 348 U.S. 11, 14 (1954) (holding that "justice must satisfy the appearance of justice")). As such, Rule 2.11(A) of the Code of Judicial Conduct, as set forth in Tennessee Supreme Court Rule 10, requires a judge to recuse himself or herself "in any proceeding in which the judge's impartiality might reasonably be questioned." *See Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) (noting that recusal is required, even if a judge subjectively believes he or she can be fair and impartial, whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias'" (quoting *Bean*, 280 S.W.3d at 805)).

5

The terms "bias" and "prejudice" generally "refer to a state of mind or attitude that works to predispose a judge for or against a party"; however, "[n]ot every bias, partiality, or prejudice merits recusal." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). To merit disqualification of a trial court judge, "prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'" *Id.* "If the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge." *Id.* "However, if the bias is so pervasive that it is sufficient to deny the litigant a fair trial, it need not be extrajudicial." *Id.* That said, "[a] trial judge's adverse rulings are not usually sufficient to establish bias." *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008); *see also Alley*, 882 S.W.2d at 821. In fact, "[r]ulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Alley*, 882 S.W.2d at 821; *see also State v. Reid*, 313 S.W.3d 792, 816 (Tenn. 2006). In other words, "if the bias is alleged to stem from events occurring in the course of the litigation, the party seeking recusal has a greater burden to show bias that would require recusal, i.e., that the bias is so pervasive that it is sufficient to deny the litigant a fair trial." *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, *3 (Tenn. Ct. App. Feb. 11, 2014).

Following our thorough review of the record, we conclude that Wife has failed to demonstrate "a reasonable basis for questioning the judge's impartiality." *See State v. Hester*, 324 S.W.3d 1, 73 (Tenn. 2010). Wife has demonstrated no bias stemming from "extrajudicial sources" or any bias that is sufficiently pervasive so as to deny Wife a fair trial. *See McKenzie*, 2014 WL 575908, at *3. As he pointed out in his findings supporting the denial of the motion, the trial court judge had no duty to recuse himself simply because Wife was dissatisfied with the rulings against her or the application of the law to the facts as they have been presented to the trial court.[4]

---

[4] Because we have determined that the substantive argument made by Wife in her motion did not require recusal, we need not address the trial court judge's additional finding that the motion was not timely filed. *See Bean*, 280 S.W.3d at 803 (considering the substantive merit of a recusal issue despite a "considerable passage of time between the assignment of the case to [the trial court] and the formal filing of the motion for recusal"); *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 548 (Tenn. Ct. App. 2017) (considering the substantive merit of a recusal issue in a Rule 10B appeal despite "Petitioner's failure to seek recusal in a timely manner").

## VI. Conclusion

Having determined that the record provided by Wife does not demonstrate error, we affirm the trial court judge's denial of the motion for judicial recusal. Wife is taxed with the costs of this appeal, for which execution may issue. This case is remanded for further proceedings.

_____
THOMAS R. FRIERSON, II, JUDGE

7