IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 3, 2023 Session

**LISA SYKES v. PAUL COX**

**Appeal from the Juvenile Court for Montgomery County**
**No. 2020-JV-316    Wayne C. Shelton, Judge**

_____

**No. M2022-00970-COA-R3-JV**

_____

In this child custody case, the record transmitted on appeal creates significant doubt as to whether the trial court's final order represents its own deliberations and decision. Due to this concern, and because the judge who previously presided over this case has since retired from the bench, we vacate the appealed judgment and remand for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER and JEFFREY USMAN, JJ., joined.

Karla C. Miller, Nashville, Tennessee, for the appellant, Lisa Sykes.

Christopher J. Pittman, Clarksville, Tennessee, for the appellee, Paul Cox.

**OPINION**

Appellee Paul Cox ("Father") filed a petition for custody of his minor child ("Child"). Although the petition was initially filed in the Sullivan County Juvenile Court, the venue was challenged by Appellant Lisa Sykes ("Mother") on the basis that all evidence relative to the custody determination was located in Montgomery County, where Child resided with her. As a result of Mother's challenge, the Sullivan County Juvenile Court ordered the petition transferred to the Montgomery County Juvenile Court ("the trial court").

Ultimately, the trial court entered a judgment designating Father as the primary residential parent of Child, and Mother thereafter timely filed a notice of appeal to this Court. Although multiple issues have been raised by Mother, one issue relating to the trial

court's judgment is of particular concern.

Notably, among her other raised issues, Mother requests that this Court review whether the trial court's final order was a product of the court's independent judgment. The practice of allowing litigants to prepare orders with proposed findings of fact and conclusions of law has been permitted but often cautioned against. *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 315-16 (Tenn. 2014) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 572 (1985)); *see also Delevan-Delta Corp. v. Roberts*, 611 S.W.2d 51, 53 (Tenn. 1981) (expressing a preference for findings prepared by a trial judge's own efforts). Our Tennessee Supreme Court has previously discussed the main concern of such a practice, highlighting "the potential for overreaching and exaggeration on the part of attorneys preparing findings of fact when they have already been informed that the judge has ruled in their favor." *Lakeside*, 439 S.W.3d at 315 (quoting *Anderson*, 470 U.S. at 572). The adoption of a party-prepared order may constitute reversible error when the findings do not accurately reflect the trial court's decision, and the record must not create doubt that the order, in fact, represents the "trial court's own deliberations and decision." *Lakeside*, 439 S.W.3d at 316.

In *Lakeside*, the Tennessee Supreme Court affirmed this Court's order vacating two distinct summary judgment orders granted by the trial court. *Id*. The first order, granting partial summary judgment against the defendant, was found to be "extremely detailed" but "essentially a restatement of the arguments contained in Lakeside's filings in support of its motions for summary judgment." *Id*. at 317. As to the second summary judgment order, the trial court directed the defendant's attorney to draft it but failed to provide "the grounds for its decision" from which the order could be prepared. *Id. Cf. Hartigan v. Brush*, No. E2020-01442-COA-R3-CV, 2021 WL 4983075 at *12 (Tenn. Ct. App. Oct. 27, 2021) (declining to vacate an order written by a party's counsel because the court had provided the grounds for its decision in a detailed oral ruling).

Here, from our careful review of the record on appeal, we are unable to discern where the trial court made its own independent findings of fact and conclusions of law. On May 25, 2022, the trial court judge heard arguments on Mother's petition on whether he should recuse himself from the case. After Mother's petition was denied, it was the expectation of Mother's counsel that the hearing would later proceed on the custody matter. Rather than taking additional proof on custody, as Mother's counsel expected, the trial judge, apparently relying on the fact that evidence had been taken at prior hearings on Mother's petition for an order of protection as well as a hearing on Mother's petition for a temporary restraining order, instructed Father's attorney to prepare a final order concerning the custody of child.

While asking parties to prepare orders is not, in and of itself, necessarily problematic, *see id.*, here the record does not reflect that the trial court provided any

independent decision for Father's order.[1]  Moreover, the record indicates that the trial court later signed and entered Father's order without any modification.  While our review of the record reflects that the trial judge instructed Father's attorney to include a finding of "codependency" and to draft the order according to the relevant statutory factors,[2] no other guidance or instructions were given.  Moreover, the record reflects that the trial judge did not render oral rulings as to the findings it wished to make regarding the referenced statutory factors, nor did it actually even provide a specific ruling as to which party should be designated as the primary residential parent.  Insofar as the transcript admits, the judicial task of providing a basis for the court's ruling (itself then technically unpronounced) was essentially delegated to Father's attorney.

We believe this exchange between the trial court and Father's attorney fairly crystallizes our concern:

> [Judge]: Again I want you – in consulting with [Child's Guardian Ad Litem] – I want you to tack on a Finding of Fact, taking up the points. And then issue an Order – of a Parenting Plan. And get that ready for me, I can sign it as soon as possible …
> [Father's Counsel]: So, Your Honor, I'm sorry. I just want to be clear. What do you want us to do – or me to do?
> [Judge]: I want you to draft an Order – a Final Order, with a Parenting Plan – a Finding of Fact with a Parenting Plan. And I want it to closely mimic the state – the Tennessee Statute as is possible, which I think has been your position.[3]

Suffice it to say, based on our review of the record, there is serious doubt that the

---

[1] As aforementioned, this hearing concerned Mother's motion for recusal, not the custody matter. This bears on another point.  Aside from the concerns herein as to whether the order appealed was a product of the trial court's independent judgment, the record raises a serious question as to what evidence the entered custody decision was actually based upon and whether the custody dispute itself received the benefit of a full trial.  Although our review of the record indicates that Mother and Father had previously agreed that certain proof from an order of a protection hearing between them in general sessions court could be considered as proof in the present Juvenile Court custody dispute, the record also suggests that both had initially expressed a desire to formally present additional proof in the Juvenile Court. Despite his previous position on the need for additional proof, Father's counsel later argued that the court had already heard all the evidence required to render a judgment.  Regardless, the record indicates that neither party was permitted to enter additional proof on custody, and several statements from the trial judge at the May 25, 2022, hearing appear to suggest that he was motivated by the desire to enter a final order before his impending retirement.  Concerning Mother's request to have a formal hearing on custody in the Juvenile Court, the judge remarked, "If you could come up with an eight-day week, we'll consider it."  He subsequently commented, however that he did not have any eight-day weeks and that he was "going to issue an Order -- a Final Order," stating, "There's no one else!"

[2] Presumably the court was referring to the factors codified at Tennessee Code Annotated section 36-6-106.

[3] We have modified the names listed in the transcript for clarity.

order underlying this appeal does not in any respect represent the trial court's independent judgment. *See Cunningham v. Eastman Credit Union*, No. E2019-00987-COA-R3-CV, 2020 WL 2764412 at *5-6 (Tenn. Ct. App. May 27, 2020); *see also Mitchell v. Mitchell*, No. E2017-00100-COA-R3-CV, 2019 WL 81594 at *7 (Tenn. Ct. App. Jan. 3, 2019). While in certain cases of this nature we remand the case with instructions for the trial court to issue a new order reflecting the trial court's own deliberations and decisions, here, we take judicial notice that the trial judge who signed the order at issue has since retired from the bench.[4] Given the unusual and questionable posture of this case, we find it appropriate, as we have in other appeals,[5] to vacate the trial court's judgment and remand the case for a new trial pursuant to the authority of Rule 36 of the Tennessee Rules of Appellate Procedure. Tenn. R. App. P. 36 (authorizing this Court to "grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires").[6]

## CONCLUSION

For the foregoing reasons, we vacate the trial court's order and remand for a new trial concerning the custody of the parties' child.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

[4] This Court routinely employs judicial notice to discuss the retirement of judges subsequent to the final judgment on appeal. *See Regions Com. Equip. Fin. LLC v. Richards Aviation Inc.*, No. W2020-00408-COA-R3-CV, 2021 WL 1811754 at *7 (Tenn. Ct. App. May 6, 2021); *Kathryne B.F. v. Michael David B.*, No. W2014-01863-COA-R3-CV, 2015 WL 4366311 at * 17 n. 17 (Tenn. Ct. App. July 16, 2015).

[5] In *In Re Estate of Oakley*, we determined the judgment on appeal required remand to the trial court to make certain requisite findings. However, noting that the trial court judge had since retired, we invoked Rule 36 of the Tennessee Rules of Appellate Procedure to order a new trial. *In re Est. of Oakley*, No. M2014-00341-COA-R3-CV, 2015 WL 572747 (Tenn. Ct. App. Feb. 10, 2015); *see also Brubaker v. Beckham*, No. M2014-01751-COA-R3-CV, 2016 WL 3178054, at *5 (Tenn. Ct. App. May 26, 2016) (concluding that the same remedy from *Oakley* was necessary in light of the trial judge's retirement).

[6] In light of our disposition on this matter, we respectfully decline Mother's request for attorney's fees and hold that all other issues raised in this appeal are pretermitted.